ARMINDA JOURDAN v. WILLIAM PATTERSON₀ AND SYLVIA
PATTERSON.

*Deed—Delivery—Evidence—Burden of proof.*

1. In ejectment for dower, the defendants' claimed under a deed'
   signed and acknowledged by the plaintiff's husband four days-
   before his marriage to the plaintiff, but which she claimed
   was not delivered until a few days before his death, at which
   time, her testimony tended to show, he was not competent to·
   make such delivery. And it is held that his condition at that.
   time was of no consequence, the sole issue being, was the deed
   delivered before the marriage, at which time no question as.
   to the competency of the husband was raised?

2. The grantee testified that the deed was delivered to him the·
   day of its date. Previous to the commencement of the eject-
   ment suit, in his answer to a bill filed to set aside the deed,.
   he had stated that the deed was delivered to him at a date-
   subsequent to the marriage of the grantor to the plaintiff, and
   this statement was introduced in evidence to contradict the-
   witness. On his redirect examination, he testified that he did
   not know what the word "delivery" meant in law, and was.
   then asked to state what he meant by the use of the word in
   his answer in the equity suit. And it is held that it was..
   proper for him to explain, if he could, what he understood by
   the term.

3. The grantee admitted that the deed was kept in a locked box·
   in the grantor's house, and that he obtained the key from the·
   grantor (his father) two or three days before his death, un-
   locked the box, and took the deed out. And it is held that.
   under these circumstances, there was no presumption of⁻
   delivery arising from the deed itself or the record thereof, and
   that the burden of proof was upon the defendants to show its.
   delivery.

Error to Ottawa. (Padgham, J.) Argued October 24,.
1894.· Decided December 7, 1894.

Ejectment. Defendants bring error. Reversed. The·
facts are stated in the opinion.

*Stephen H. Clink,* for appellants.

*Farr & Soule,* for plaintiff.

GRANT, J.  Plaintiff and one Joseph Jourdan were married March 22, 1887.  He died December 28, 1891.  At the time of his marriage he was in possession of the real estate in which the plaintiff now seeks to recover dower. Four days before the marriage, he made, signed, and acknowledged a deed so his son, Pearley Jourdan, which was not recorded until after his death.  Defendants were in possession under Pearley Jourdan.  If the execution became complete by delivery before the marriage, plaintiff is not entitled to dower.  If the execution failed by non-delivery until after the marriage, she is entitled to recover. The only issue, therefore, before the jury, was the time of delivery.

1. Plaintiff claims that the deed was delivered a few days before Joseph's death.  Evidence was admitted tending to show that he was not at that time competent to deliver the deed, by reason of his illness.  Its admission was error.  His condition on that day was of no consequence, and would naturally prejudice a jury against the son, the real party in interest; the sole issue being, was the deed delivered before the marriage, at which time no question is raised as to competency?

2. Previous to the commencement of this action a bill had been filed against Pearley Jourdan to set aside the deed.  To this, Pearley filed an answer, in which it was stated that the deed was made and executed March 18, 1887, and was duly delivered to him December 25, 1891. Pearley testified in this case that the deed was delivered the day it bore date.  This statement in the answer was introduced to contradict him.  On his redirect examination he testified that he did not know what the word "delivery" meant in law.  He was then asked to state

what he meant by the use of the word in his answer in the equity case. We think it was proper for him to explain, if he could, what he understood by the term. A layman might use the word "delivery" when the act to which he referred would not constitute the delivery required to effect a complete execution of a deed.

3. The judge instructed the jury that the burden of proof was upon the defendants to show the delivery of the deed. This was not error, under the circumstances of this case. Pearley Jourdan admitted that the deed was kept in a locked box in his father's house, and that he obtained the key from his father two or three days before his death, unlocked the box, and took it out. Under these circumstances, there was no presumption of delivery arising from the deed itself or the record thereof. *Patrick v. Howard*, 47 Mich. 45.

There are many other assignments of error, but it is unnecessary to mention them. In some, no objection was made. In others, when the testimony was offered, defendant's counsel only said, "I object." This forms no basis for an exception. *Hutchinson v. Whitmore*, 95 Mich. 592; *Young v. Stephens*, 9 Id. 507. In those assignments where the objection was properly taken there was no error, and it would be of no profit to the profession to discuss them here.

For the reasons above given, the judgment must be reversed, and a new trial ordered.

The other Justices concurred.