CHURCHILL *v.* MACE.

1. SAVING QUESTIONS FOR REVIEW — ADMISSIBILITY OF EVIDENCE —GROUNDS OF OBJECTION.

   A ruling admitting evidence will not be reviewed, where no ground of objection was pointed out at the trial.

2. EVIDENCE—CONCLUSION OF WITNESS—HARMLESS ERROR.

   Refusal to strike out an answer of a witness, which is technically objectionable as a conclusion, will not cause reversal when it appears that the subject was fully covered by the testimony of the same witness, showing in detail the circumstances which he thus summarized.

3. PARTNERSHIP—CONTRACTS—EVIDENCE—SIMILAR TRANSACTIONS.

   In an action against a partnership for the price of goods, for which one of the partners gave his own personal note, a writing admittedly relating to partnership business, signed in the same manner as the note, is admissible as having a tendency to rebut the presumption that the contract in suit was an individual contract of the person signing the note.

4. SAME — PARTNERSHIP OR INDIVIDUAL CONTRACT — EVIDENCE — SUFFICIENCY.

   In an action against a partnership for the price of a team, claimed by the partners to have been purchased of plaintiff by one of them and by him sold to the partnership, evidence examined, and *held*, not so clearly in support of defendants' theory as to require the setting aside of a verdict for plaintiff as against the decided weight of the evidence.

Error to Oceana; Sessions, J. Submitted April 15, 1907. (Docket No. 108.) Decided May 18, 1907.

Assumpsit by Charles L. Churchill, administrator of the estate of Alanson Beckwith, deceased, against L. Stowell Mace, Robert H. Lanyon, and John S. Huey, copartners as the Stony Lake Resort Company, for goods sold and delivered. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Wallace Foote*, for appellants.

*F. E. Wetmore*, for appellee.

MONTGOMERY, J.　This action was brought in the lifetime of the intestate, Alanson Beckwith.　On the first trial defendant had judgment on a verdict directed by the trial judge.　On review by this court this judgment was reversed and a new trial directed. *Beckwith* v. *Mace*, 140 Mich. 157.　The report of our decision on the former hearing sufficiently states the issue and the facts of the case.　We there held that there was sufficient testimony to carry the case to the jury upon the question whether Mace, who contracted with the plaintiff (Beckwith), had authority to bind the three defendants as copartners, as well as upon the question whether the contract was, in fact, made on behalf of the firm.

The testimony on the second trial did not vary materially from that given on the first.　On the second trial the plaintiff—who had on the death of the plaintiff Beckwith been substituted—recovered a verdict for the full value of the property sold.　The defendants moved for a new trial on the ground that the verdict and judgment were against the weight of the evidence.　This motion was overruled by the circuit judge, who gave as a reason that there was ample evidence upon which to base the verdict of the jury, and that the verdict was not against the weight of the evidence.　Defendants duly excepted to this ruling, and have assigned error upon it.　The defendants have also assigned error upon rulings admitting certain testimony over defendants' objection, and in refusing to strike out the answer to a question propounded to decedent in his deposition taken shortly before his death and since the former trial.　We will consider these questions in the order in which they are discussed in the brief of counsel.

The first assignment of error relates to a ruling admitting a portion of the transcript of the evidence taken on the former trial, which consisted of a statement or admission of counsel made on the trial.　An objection was

made, but no ground of objection whatever appears to have been stated. In this court it is contended that the evidence was incompetent and improper. We have frequently held that an objection made at the trial should point out to the trial judge the ground of objection, and that, where this is not done, the ruling will not be reviewed. *Jourdan* v. *Patterson*, 102 Mich. 602; *Mahiat* v. *Codde*, 106 Mich. 387; *Benedict* v. *Provision Co.*, 115 Mich. 527.

Objection was made to an answer of the witness appearing in his deposition in which he stated that he sold to the copartnership the property, describing it. The objection urged was that this answer was a conclusion of the witness, and not a statement of fact. If this testimony had stood by itself, there might have been force in the objection, but it is followed by the statement of the witness that he dealt with Mace and by a detailed statement of the terms of the negotiation. The jury must have considered this answer as preliminary to the detailed statement, and could not have been prejudiced by the answer. If it be assumed that the answer was technically objectionable, the court should not reverse the judgment when it appears that the subject was fully covered by the testimony of the same witness showing in detail the circumstances which he thus summarized. *Grattan* v. *Village of Williamston*, 116 Mich. 462; *McKinnon* v. *Gates*, 102 Mich. 618; *Rossman* v. *Bock*, 97 Mich. 430.

The defendants' third assignment of error relates to a ruling clearly within the discretion of the trial judge.

The fourth assignment of error is to the admission of a contract admittedly relating to the copartnership business signed L. S. Mace, as was the note in question in this suit. It is contended that this contract was wholly irrelevant and immaterial. It is true the contract itself had no bearing except as it in connection with the testimony of the witness Barnes tended to show that Mace on occasion signed his own name to firm contracts. This had some tendency to rebut the presumption that the contract in

question was an individual contract because it was signed in the same manner.

The only remaining question is: Was the verdict so clearly opposed to the decided weight of the evidence as to require us to overrule the circuit judge's decision refusing a new trial? It is strenuously insisted that a grave injustice has been done the defendants; that the evidence is so overwhelmingly in favor of defendants that the conclusion cannot be escaped that the jury were influenced by something other than the testimony. If satisfied that the record presents such a case, our duty to set aside the verdict is clear. *Hintz* v. *Railroad Co.*, 132 Mich. 305, and cases cited.

We are not, however, convinced that the verdict is so clearly against the weight of evidence that the trial court was bound to set it aside.

The judgment is affirmed.

McALVAY, C. J., and OSTRANDER, HOOKER, and MOORE, JJ., concurred.