*In re* McNAMARA'S ESTATE.

RICHTER *v.* McNAMARA'S ESTATE.

1. SAVING QUESTIONS FOR REVIEW — GROUNDS OF OBJECTION TO EVIDENCE.

An objection to a stipulation offered in evidence that it was irrelevant and immaterial and that it was not shown that the attorneys who signed the same were authorized did not render available an objection in this court on the ground that it was not signed by the creditors of the estate involved and that it was not shown that the parties on whose behalf it was signed were heirs.

2. STIPULATIONS—CONCLUSIVENESS—PARTY SIGNING.

That a stipulation consenting to the allowance of certain claims against a decedent's estate was not signed by the creditors and all the heirs, does not affect its validity as against the heirs who did sign it and who alone are questioning its validity.

3. SAME—MATTERS CONCLUDED.

Where a stipulation was entered into by heirs consenting to the allowance of expenses incurred by the executor of a will to which probate was refused, the question whether the expenses were incurred in good faith was not an open one, and no prejudice resulted from refusal to receive testimony on that point.

4. EXECUTORS AND ADMINISTRATORS — EXPENSES — ATTORNEYS' FEES—REASONABLENESS—QUESTION FOR COURT.

Where it was stipulated by heirs that the expenses and counsel fees incurred by the executor should be allowed as a claim against the estate, the question of the reasonableness of the counsel fees was one for the court.

5. CONTINUANCE—NEW TRIAL—ABSENT WITNESS—CHARACTER OF TESTIMONY.

A continuance and a new trial of an appeal from probate court to procure the testimony of a party to deny that he authorized his attorney at law to enter into a stipulation, as testified to by the attorney, were properly denied, where it appeared that the stipulation was also authorized by the party's attor-

ney in fact, and that the attorney in fact, who took and had full charge of the appeal, had notice of the stipulation for several months before the trial.

Error to Kent; Perkins, J. Submitted October 13, 1908. (Docket No. 51). Decided November 30, 1908.

Henry J. Richter presented a claim for expenses incurred as executor of the last will and testament of Mary McNamara, deceased. The claim was allowed in the probate court, and James McNamara appealed to the circuit court. There was judgment sustaining the order of the probate court, and contestant brings error. Affirmed.

*Black, Reasoner & Hayden,* for appellant.

*Kleinhans & Knappen* and *F. A. Stace,* for appellee.

BLAIR, J. This case comes to this court upon writ of error to review the judgment of the circuit court for the county of Kent, allowing the account of Bishop Richter, as executor of the last will and testament of Mary Mc-Namara, deceased, as theretofore allowed by the probate court of said county. The will was admitted to probate in the probate court, but was disallowed in the circuit court, in consequence of the verdict of the jury that it was obtained by undue influence. Pending the appeal to the circuit court, a special administrator was appointed, in accordance with the provisions of section 678, 1 Comp. Laws. After verdict and judgment in the circuit court, and while proceedings to remove the record to this court for review were pending, the parties entered into the following agreement:

"In consideration of Henry J. Richter abstaining from appealing from the judgment of the circuit court for the county of Kent in the proceedings to allow the will of Mary McNamara, deceased, and allowing that judgment to become final, we hereby consent that the liability which the said Henry J. Richter has incurred for counsel fees,

and all his expenses in connection with the attempted probate of said will may be allowed by the probate court for the county of Kent, and be paid out of the estate of said deceased.

"Dated, October 24, 1905.

"Thomas McMahon.
"James McNamara,
"By Dunham & Malcolm,
"His attorneys.
"Arthur McNamara,
"By Thomas Parks Bradfield,
"His attorney."

James McNamara lived in Ireland, and it was conceded that his daughter, Bridget McNamara, had a power of attorney from him which authorized her to do everything, in reference to the estate, which he himself could have done if personally present. In compliance with this agreement the executor discontinued his proceedings for an appeal, allowed the judgment to become final, and filed a petition in the probate court for the allowance of his account, referring therein to the stipulation. From the allowance of the account by the probate court, James McNamara alone appealed, through his daughter, Bridget, acting under her power of attorney.

The contention was made on behalf of the appellant that the stipulation which was signed by M. L. Dunham, as attorney for James McNamara, was in fact unauthorized. The attorney, Mr. Dunham, and his stenographer testified that he received a letter from James McNamara after the trial of the will case, and before the stipulation was signed, in which he was authorized to do whatever seemed best for the writer. He testified, also, that Bridget McNamara, who it is admitted had a power of attorney from James McNamara, her father, giving her full control over his interest in the estate of Mary McNamara, deceased, gave him permission to sign the stipulation of October 24th. This was denied by Bridget McNamara, who testified that she positively refused such

154 Mich.—43.

permission. The two following special questions were submitted to the jury, each of which was answered "Yes."

"(1) Was Mr. Dunham authorized by Bridget Mc-Namara, acting under the power of attorney given to her by her father, James McNamara, to sign the stipulation which has been introduced in evidence, whereby he consented that the liability which the said Henry Joseph Richter had incurred for counsel fees, and all his expenses in connection with the attempted probate of the will of said deceased, might be allowed by the probate court for the county of Kent, and be paid out of the estate of said deceased?

"(2) Did Mr. Dunham, before signing the stipulation mentioned in the preceding question, receive a letter from James McNamara, authorizing him to compromise and settle the litigation respecting the probate of said will, and to do whatever in his judgment he thought best for the interests of said James McNamara?"

The questions for our consideration, as stated by counsel for appellant, are as follows:

"*First.* Was evidence admissible to prove that the attorney's fees allowed to the appellee were incurred in bad faith because of his knowledge that the will of Mary McNamara was invalid for his undue influence, and the undue influence of his agents?

"*Second.* Did the court err in admitting Exhibit L in evidence, as binding upon the estate, although certain creditors interested in the estate had not signed it, and although it was not shown that the persons who did sign it were the heirs at law of the deceased?

"*Third.* Should the court have submitted to the jury certain questions of fact: (*a*) The value of the attorney's services; (*b*) The good faith of the executor?

"*Fourth.* Should the court have granted the appellant's motion for a continuance or the motion for a new trial, made on the ground that the testimony of James McNamara was unexpectedly needed, and could not be obtained at the hearing of the case."

The important question, and in our opinion the decisive question, in the case is the second, which we consider first. When the stipulation (Exhibit L) was offered in

evidence, counsel for appellant objected to its admission "as irrelevant and immaterial, and objected that it had not been shown that Dunham & Malcolm were authorized to sign the same, and that the case should be tried outside of any stipulation." The ground now sought to be relied upon was not pointed out to the circuit judge, and is therefore not available here. *Churchill* v. *Mace*, 148 Mich. 456. Furthermore, if there had been proof of other heirs, or that the amount allowed would so deplete the estate as to affect the rights of creditors, which the record does not disclose, the agreement would conclude the heirs who did sign it. James McNamara alone appears to have questioned the validity of the agreement, and he alone has appealed from the judgments rendered. The jury having found, and the court having adopted the finding, that the agreement was executed with full authority from the appellant, he cannot be heard to question its validity because there may have been others who might, if they chose, have questioned it.

1. Under appellant's agreement the question whether the expenses were incurred in good faith was not an open one; and, if the court erred in refusing to receive testimony upon that subject, the error was not prejudicial.

3. Whether the fees charged by the attorneys were reasonable or not was not for the jury to determine, but for the court, and the testimony that they were reasonable was wholly undisputed and conclusive.

4. The testimony of James McNamara, referred to, was desired for the purpose of disputing the testimony of Mr. Dunham and his stenographer as to the authority given to Mr. Dunham in his letter. This testimony, if produced, would not have tended to contradict the testimony of Mr. Dunham that Bridget McNamara expressly authorized him to sign the identical agreement which he did sign, as also found by the jury. Again, appellant's attorney in fact, who took and had full charge and control of his appeal, knew about the stipulation several months before the trial, and we think the trial judge was fully justi-

fied, under such circumstances, in refusing a continuance and denying the motion for a new trial for the purpose of obtaining appellant's testimony.

The judgment is affirmed, with costs of this court to appellee.

GRANT, C. J., and HOOKER, MOORE, and McALVAY, JJ., concurred.