## MITTS *v.* WILLIAMS.

1. BANKS AND BANKING—JOINT DEPOSITS—PRIMA FACIE EVIDENCE.
   The making of a joint bank deposit in the names of two or more persons is merely prima facie evidence of an intention to vest title in the survivor or survivors and it may not be weighed against competent evidence (3 Comp. Laws 1929, § 12063, as amended by Act No. 286, Pub. Acts 1937).

2. SAME—JOINT DEPOSITS—PRESUMPTIONS—EVIDENCE.
   In the absence of competent proof sufficient to permit the issue as to title of a bank account in the names of two or more persons jointly with right of survivorship to be determined on the basis of the facts, the statutory presumption that title is joint is controlling (3 Comp. Laws 1929, § 12063, as amended by Act No. 286, Pub. Acts 1937).

3. SAME—JOINT DEPOSITS—WEIGHT OF EVIDENCE.
   Testimony as to conversation between witness and deceased whose joint bank account with defendant was subject of dispute between latter and administrator of deceased's estate, that predecessor account was merely to constitute witness an agent of ill and elderly deceased *held*, competent, but the fact that conversation occurred previous to opening of account involved might affect weight of such proof (3 Comp. Laws 1929, § 12063, as amended by Act No. 286, Pub. Acts 1937).

4. SAME—JOINT DEPOSITS—INTENT—EVIDENCE.
   Testimony of person at whose home deceased had died after making statements relative to financial matters and giving instructions regarding disposition of certain papers and property was properly excluded as incompetent in action by administrator of deceased's estate to recover balance of joint bank deposit, where statements were made after account had been opened, did not directly refer to intention or understanding of the parties at time deposit was made, were self-serving, were not made in defendant's presence, did not relate to whether or not a gift of the account had been made to de-

fendant, and testimony was not receivable to contradict testimony offered by opposite party (3 Comp. Laws 1929, § 12063, as amended by Act No. 286, Pub. Acts 1937).

5. SAME—JOINT DEPOSITS—INTENT—TITLE—EVIDENCE.
   In action by administrator of estate of a deceased person whose sole property had been deposited in bank account with defendant, jointly, evidence *held*, sufficient to show that such deposit was intended to enable defendant daughter to go to bank to draw out money to cover deceased's expenses and not to vest defendant with title (3 Comp. Laws 1929, § 12063, as amended by Act No. 286, Pub. Acts 1937).


Appeal from Kent; Verdier (Leonard D.), J. Submitted October 8, 1947. (Docket No. 24, Calendar No. 43,793.) Decided December 3, 1947.


Case by Clifford A. Mitts, Jr., administrator of the estate of Sarah Jane Malco, deceased, against Flora Williams to recover the proceeds of a joint bank account. Judgment for defendant. Plaintiff appeals. Reversed and remanded for entry of judgment for plaintiff.


*A. Brooks Smith,* for plaintiff.


*John M. Dunham,* for defendant.


CARR, C. J. Plaintiff in this case, as administrator of the estate of Sarah Jane Malco, brought suit in the circuit court to recover money alleged to belong to the estate, said money consisting of the proceeds of a savings account in the Old Kent Bank of Grand Rapids. Mrs. Malco died October 13, 1945. Prior to her death the account stood in the joint names of Mrs. Malco and her daughter, the defendant in the case. After the mother's death defendant drew from the bank the balance of $1,453.29 remaining

in the account. Plaintiff alleged in his declaration that the money was the sole property of Mrs. Malco and was not deposited with the intent that defendant should acquire any interest therein, but rather for the purpose of having defendant act as her mother's agent in the withdrawal of funds for the use of the mother during her lifetime. Defendant in her answer denied any knowledge on her part of the intent on the part of Mrs. Malco alleged in the declaration. Following the trial judgment was entered for defendant and plaintiff has appealed.

Defendant did not offer proofs in the circuit court, relying on 3 Comp. Laws 1929, § 12063, as amended by Act No. 286, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 12063, Stat. Ann. 1943 Rev. § 23.303). Said section reads as follows:

"Sec. 3. When a deposit shall be made, in any bank by any person in the name of such depositor or any other person, and in form to be paid to either or the survivor of them, such deposits thereupon and any additions thereto, made by either of such persons, upon the making thereof, shall become the property of such persons as joint tenants, and the same together with all interest thereon, shall be held for the exclusive use of the persons so named and may be paid to either during the lifetime of both, or to the survivor after the death of one of them, and such payment and the receipt or acquittance of the same to whom such payment is made shall be a valid and sufficient release and discharge to said banking institution for all payments made on account of such deposits prior to the receipt by said bank of notice in writing not to pay such deposit in accordance with the terms thereof.

"When a deposit has been made, or shall hereafter be made, in any banking institution transacting business in this State, in the names of two or

more persons, payable to either or the survivor or survivors, such deposit or any part thereof or any interest or dividend thereon and any additions thereto, made by any one of the said persons, shall become the property of such persons as joint tenants, and the same shall be held for the exclusive use of the persons so named and may be paid to any one of said persons during the lifetime of said persons or to the survivor or survivors after the death of one of them, and such payment and the receipt or acquittance of the same to whom such payment is made shall be a valid and sufficient release and discharge to said banking institution for all payments made on account of such deposits prior to the receipt by said bank of notice in writing not to pay such deposit in accordance with the terms thereof.

"The making of the deposit in such form shall, in the absence of fraud or undue influence, be prima facie evidence, in any action or proceeding, to which either such banking institution or surviving depositor or depositors is a party, of the intention of such depositors to vest title to such deposit and the additions thereto in such survivor or survivors."

Under the statute as amended the making of a deposit of the character here in question in the joint names of two or more persons is merely prima facie evidence of an intention to vest title in the survivor or survivors. It has accordingly been held by this Court in prior decisions that the making of a deposit, or deposits, in the manner indicated creates a rebuttable presumption, which may not be weighed against competent evidence. Thus, in *Allstaedt* v. *Ochs,* 302 Mich. 232, it was said:

"The creation of the joint bank accounts by the deceased did not conclusively establish title thereto in the survivor but merely created a presumption of ownership in the survivor which is rebuttable by competent evidence to the contrary. *Van't Hof* v. *Jemison,* 291 Mich. 385. The presumption created by

the statute has no weight as evidence when challenged by rebutting testimony. *Hill* v. *Hairston,* 299 Mich. 672.''

Of like import is *Manufacturers National Bank* v. *Schirmer,* 303 Mich. 598. In the absence of competent proof sufficient to permit the issue to be determined on the basis of the facts the presumption is controlling. *Meigs* v. *Thayer,* 289 Mich. 680; *Frank* v. *Schultz,* 295 Mich. 714; *Maahs* v. *Maahs,* 307 Mich. 549; *Jakobowski* v. *Bacalia,* 314 Mich. 678. The question in the instant case is therefore whether the competent evidence offered by plaintiff on the trial was of such character as to establish with the requisite degree of certainty that the deposit was made in the names of the parties jointly for the purpose claimed by plaintiff, and with the intention and understanding that defendant should have no interest therein.

An employee of the bank in which the account was carried testified, without objection, that under date of March 22, 1943, the sum of $1,560.25 was deposited in an account opened on that date in the names of Sarah Malco and Mrs. Isaac Wilton. This account was closed on May 28, 1945, at which time the balance was $1,562.29. On the same day that said account was closed the account in question in this case was opened in the names of Sarah Jane Malco and Mrs. Flora Williams, jointly, the amount of the deposit being identical with the final balance in the prior account. The witness further testified to two withdrawals from this account, one in the sum of $109 on October 8, 1945, and the other of the balance remaining on November 7, 1945, the last withdrawal being on a check signed by defendant. Thereupon the account was closed by the bank.

Plaintiff also offered in his behalf the testimony of Mrs. Etta J. Wilton, previously taken in a proceeding before the probate court of Kent county,

who testified that in March of 1943, an account was opened in the bank in the joint names of Mrs. Malco and the witness, stating that this was done at the request of Mrs. Malco because the latter had some money that she wished to put in the bank and desired to "fix it so we could draw the money out for her, because she wasn't always able to do it." The witness further testified that Mrs. Malco kept possession of the bank book, except when she desired Mrs. Wilton and her husband to go to the bank and draw money for Mrs. Malco. Although counsel for defendant objected, and the court indicated that he considered the objection well founded, Mrs. Wilton stated in substance that the money in the account belonged to Mrs. Malco. Also received, but as part of a separate record, was the testimony of this witness as to a conversation occurring about the 1st of December, 1944, between Mrs. Malco and the defendant, and what the witness did pursuant to such conversation, said testimony being as follows:

"Mrs. Malco then said to Mrs. Williams, 'I was telling Mrs. Wilton that I thought maybe they better turn my book and will over to you and let you look after it.' Mrs. Williams said, 'Why, aren't they doing all right'? She said, 'Certainly, but they are old and are not able to get out, they are not well, and they have no car, and have to pay bus fare, and you have a car;' and so then we went over the next week, December 5, 1944, and I took the bankbook and the will along, and turned it over to her, and that is the last I know about it."

The record indicates that the trial court did not consider that the testimony of Mrs. Wilton as to the character of the arrangement between her and Mrs. Malco was material or that the testimony as to the conversation between Mrs. Malco and the defendant was competent. The objection to the

latter was based on the ground that such testimony was hearsay. The trial court did not file a written opinion and, in announcing his decision from the bench, did not discuss the testimony offered by plaintiff. Obviously, it was his conclusion that the presumption as to the nature of the account and the interest of the survivor therein was controlling.

Another witness for the plaintiff, Mrs. Anna Moose, testified that Mrs. Malco stayed at the home of the witness for a few days shortly prior to Mrs. Malco's death on October 13, 1945. Apparently without objection, Mrs. Moose testified that in her presence Mrs. Malco called the defendant by telephone with reference to obtaining money from the bank to pay the expenses of Mrs. Malco. Shortly thereafter the husband of defendant brought $50 to the home of the witness, out of which the latter paid medical expenses in the sum of $6, leaving $44, which was turned over to defendant after Mrs. Malco's death. Objections to the witness testifying as to conversations between herself and Mrs. Malco with reference to financial matters and instructions regarding the disposition of certain papers were sustained. By stipulation there is also included in the record a transcript of testimony previously given by Mrs. Moose before the probate court, such transcript being made a part of the separate record. The witness stated therein that Mrs. Malco, shortly before her death, gave the witness directions that ''if anything happened to her'' she should turn Mrs. Malco's effects over to defendant, and said further to the witness, ''What is left after my expenses is paid, I want divided according to my will.''

It may be noted in this connection that the will of Mrs. Malco was executed on October 11, 1944, during the time that the savings account in the bank stood in the names of Mrs. Malco and Mrs. Wilton.

Said will directed that all debts and funeral expenses should be paid in full from the bank account in the Old Kent Bank, or any other bank. No claim is made that Mrs. Malco at the time of her death, or prior thereto, had any account in any bank except the one designated. Counsel for defendant objected to the introduction of the will in evidence on the ground that the opening of the account in the names of Mrs. Malco and the defendant operated to revoke the will. It appears from defendant's brief in this Court that the objection was in fact based on the claim that in opening the account with the defendant Mrs. Malco had disposed of all of her property. The instrument was, however, received in evidence. In terms it gave the estate of the testator to three daughters, including defendant, share and share alike, subject to the payment of debts and devises of one dollar to another daughter and $100 to a granddaughter. The provisions of the will tend to corroborate the testimony of Mrs. Wilton as to the nature of the deposit made in the name of herself and Mrs. Malco.

Was the testimony of Mrs. Wilton as to the conversation between Mrs. Malco and defendant competent? While occurring several months before the account was actually opened, it clearly indicates the nature of the understanding of the parties at the time they discussed the matter. There is nothing in the record to indicate a change in circumstances between the holding of this conversation and the actual opening of the account in May following. Had such conversation taken place contemporaneously with the deposit in the joint names of the parties there could be no serious question as to its admissibility. *Esling* v. *City National Bank & Trust Co.*, 278 Mich. 571, 581; *Ford* v. *Ford*, 270 Mich. 487. The fact that it occurred previously may affect the

weight of the proof, but does not, under the facts of this case, render it incompetent. 31 C. J. S. p. 1009; *Kessler* v. *Von Bank,* 144 Minn. 220 (174 N. W. 839). The statements made by Mrs. Malco on the occasion in question were directed to defendant, and were of such a character as to indicate that for the reasons stated by her she desired defendant to do for her what Mrs. Wilton had been doing prior thereto. It is significant also that defendant raised no question as to the right of her mother to make the proposed change. Apparently it was her thought that Mrs. Wilton had been rendering the services in a satisfactory manner and hence no change was necessary. This justifies the inference that defendant understood the nature of the arrangement that had been in existence between her mother and Mrs. Wilton.

In view of the conversation between the mother and daughter it was proper for the plaintiff to show the prior arrangement. In *Churchill* v. *Mace,* 148 Mich. 456, suit on contract was brought against copartners to recover for goods claimed to have been sold to them. Defendants asserted that the contract on which the suit was based, which was signed by one of the partners alone, was the individual contract of the signer and did not, in consequence, bind the copartnership. To rebut the inference arising from the manner in which the contract was executed, plaintiff was permitted to show that on a prior occasion the partner executing the agreement had signed a partnership contract in his own name. It was held that the evidence was competent for the purpose for which it was offered.

The testimony of Mrs. Moose as to statements claimed to have been made by Mrs. Malco with reference to her will and the distribution of her property thereunder is subject to considerations different from those involving the admissibility of the

testimony of Mrs. Wilton, above discussed. Said statements were made after the transaction in question here, did not directly refer to the intention or understanding of the parties at the time of making the deposit, and, if given the interpretation contended for on behalf of plaintiff, were clearly in the nature of self-serving statements. If Mrs. Malco and defendant had become involved in litigation with reference to their respective rights in the deposit, testimony as to statements of such character made by either not in the presence of the other would have been incompetent. We think the same conclusion must follow under the circumstances of the present case. The testimony was not competent on the theory that it tended to show the relations of the parties at the time of the transaction in question, *Pease* v. *Jennings,* 180 Mich. 682, 689, nor was it within the scope of the rule suggested in *Whitney* v. *Wheeler,* 116 Mass. 490 (quoted in *Pease* v. *Jennings*) as to admissibility of "evidence tending to show a continuous and apparently fixed state of mind and purpose, inconsistent with such alleged gift, existing previously thereto." Neither was it within the purview of the rule, recognized by some courts, that testimony of this character may be received to contradict testimony offered by the opposite party. Apparently, the testimony of Mrs. Moose, here in question, was offered on the theory that the statements made by Mrs. Malco legitimately tended to show the latter's intention with reference to the deposit at the time it was made. For the reasons indicated we think that this testimony was not competent. *Egan* v. *Grece,* 79 Mich. 629, 640; *Bunker* v. *Motor Wheel Corp.,* 231 Mich. 334; *Elliotte* v. *Lavier,* 299 Mich. 353, 357; *Walkling* v. *Walkling,* 162 Md. 188, 190 (159 Atl. 264); *Steiner* v. *Fecycz,* 72 Ohio App. 18, 22 (50 N. E. [2d] 617).

The competent evidence in the record indicates that Mrs. Malco and Mrs. Williams, prior to the making of the deposit in question, had in mind an arrangement under which the daughter would render to her mother the services that Mrs. Wilton had previously been performing. Mrs. Malco, because of her age and health, was apparently unable to go to the bank for the purpose of drawing out money to cover her expenses. She deemed it necessary to have some one whom she could trust perform that service for her. She clearly stated to defendant the reasons why she wished the latter to act in place of Mrs. Wilton. It is evident that neither mother nor daughter considered that Mrs. Wilton had any rights of ownership in the deposit. It is not disputed that the money Mrs. Malco deposited was her sole property, and the evidence fully justifies the conclusion that she did not intend that such money should become the property of the defendant. The situation presented is analogous in many respects with that involved in *Van't Hof* v. *Jemison*, 291 Mich. 385. We conclude that the evidence entitled to consideration is of sufficient strength and clarity to establish plaintiff's claim as to the intention and understanding of the parties with reference to the deposit. It follows that plaintiff is entitled to judgment for the amount withdrawn by defendant from the account after the death of Mrs. Malco, together with the sum of $44 turned over to defendant by Mrs. Moose following Mrs. Malco's death.

The judgment of the trial court is reversed and the case remanded with directions to enter judgment in accordance herewith, with costs to plaintiff.

BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.