HAZEN v. ELMENDORF.

1. TRUSTS—CONSTRUCTIVE TRUST—EVIDENCE—ADMISSIONS.

Probate court file in guardianship proceeding which contained statements constituting unequivocal admissions on the part of defendant from whom the plaintiff, legal representative of the estate of the ward, now deceased, sought an accounting together with a declaration of a constructive trust, that the ward's money which had gone into joint bank accounts in the name of the ward and defendant had been used to the point of exhaustion, and that no property had been acquired therewith for the benefit of the ward, *held*, entitled to consideration in connection with the testimony in the case.

2. EVIDENCE—STATE OF MIND.

State of mind, when material in a case, may be shown by testimony of statements made by the individual concerned.

3. SAME—SELF-SERVING STATEMENTS—JOINT BANK ACCOUNTS—EVIDENCE—STATE OF MIND OF PARTY FURNISHING FUNDS.

Testimony consisting of self-serving statements of attorney who had drafted will for elderly woman, who was living at home of defendants not related to her, was admissible for proving state of mind of testatrix but not for showing purpose for which joint bank deposits had been made of woman's funds in her name and that of defendant wife and from which latter had made withdrawals of funds not used for elderly woman's benefit.

4. BANKS AND BANKING—JOINT ACCOUNTS—ACCOUNTING—EVIDENCE.

Evidence presented in action by legal representative of estate of woman against couple with whom she resided for somewhat less than 5 years prior to her death at age 77, to obtain an ac-

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur, Evidence § 557.
[2] 20 Am Jur, Evidence § 585.
[3] 57 Am Jur, Wills § 1110.
[5] 3 Am Jur, Appeal and Error § 1037.

counting by defendants together with a declaration of a constructive trust as to proceeds of joint bank accounts, *held*, sufficient to entitle plaintiff to a decree in her favor, without reference to testimony containing self-serving declarations.

5. EQUITY—ADMISSION OF IMPROPER TESTIMONY.

The admission of improper testimony not affecting the result in an equity case tried without a jury may properly be disregarded.

6. TRUSTS—CONSTRUCTIVE TRUST—PROCEEDS OF JOINT BANK ACCOUNT.

Constructive trust in favor of legal representative of estate of elderly woman who had furnished the moneys deposited in joint bank account in the name of herself and defendant wife was properly declared, where latter, authorized to withdraw the funds, did so, and invested them in property which she undertook to acquire in the name of herself and husband.

Appeal from Calhoun; Coleman (Creighton R.), J. Submitted January 5, 1962. (Docket No. 34, Calendar No. 49,106.) Decided March 16, 1962.

Bill, continued in the name of Fern F. Hazen, administratrix *de bonis non* of the estate of Myrtle L. Taylor, deceased, against Verely (Verley) Elmendorf and Leslie J. Elmendorf to establish constructive trust of properties purchased with sums withdrawn from joint bank accounts, and for accounting. Decree for plaintiff. Defendants appeal. Affirmed.

*Ford, Kriekard & Brown* (*Gordon H. Kriekard,* of counsel), for plaintiff.

*Neller & Smith,* for defendants.

CARR, J. This suit in equity was instituted by the executor nominated in the will of Myrtle L. Taylor, deceased, for the purpose of obtaining an accounting from the defendants, together with a declaration of a constructive trust. Due to the death of the execu-

tor the administratrix *de bonis non* of the estate of Mrs. Taylor was substituted as party plaintiff. It appears from the record before us that in the latter part of the year 1952 Mrs. Taylor entered the home of the defendants and continued to reside with them until her death on May 16, 1957, at which time she was 77 years of age.

The bill of complaint filed in the cause averred that at the time Mrs. Taylor became an inmate of the Elmendorf home she had on deposit in the State Bank of Augusta the sum of $2,000, that she was the owner of 242 shares of common stock in the Florida Power Corporation on which she was receiving dividends, and that she had certain personal property including dishes, silverware, linens, jewelry, and furniture, all of which was taken to defendants' home. It was further alleged that in April, 1953, a balance of $1,140.20 remaining in the Augusta bank was withdrawn and deposited in the Industrial State Bank of Kalamazoo in a joint account with defendant Verely M. Elmendorf, it being claimed that the purpose of the deposit was to enable said defendant to make withdrawals for the accommodation and in behalf of Mrs. Taylor. It was further the claim of plaintiff that in August of 1955 Mrs. Taylor sold the corporate stock mentioned, receiving therefor the sum of $10,140.15, which amount was deposited in the Battle Creek branch of the Michigan National Bank in a joint account in the names of Mrs. Taylor and Mrs. Elmendorf. Plaintiff further claimed on the trial of the case that dividend checks issued to Mrs. Taylor on the stock were indorsed by her and then by Mrs. Elmendorf, being cashed by the latter.

The claim for equitable relief rests on the theory that the joint accounts were established for the benefit of Mrs. Taylor, that the moneys deposited therein belonged solely to her, and that the purpose was to enable Mrs. Elmendorf to render assistance in the

withdrawal and investment of funds, or for other purposes, for the benefit of Mrs. Taylor. It is claimed that Mrs. Elmendorf withdrew the balance remaining in the Industrial State Bank of Kalamazoo on June 20, 1956, and the amount remaining in the Michigan National Bank shortly after September 1, 1956. Such was the finding of the trial judge and the proofs are in accord therewith. It does not appear that Mrs. Taylor withdrew any money from the joint accounts, or that she personally cashed any of the dividend checks, on which there appeared her indorsement followed by the indorsement of Mrs. Elmendorf. It is somewhat significant that in her answer to the claim set forth in the bill of complaint that she had withdrawn the funds in the joint account in the Kalamazoo bank Mrs. Elmendorf did not deny the withdrawals, merely asserting that there was no trust imposed on her and that no fiduciary relationship existed between her and Mrs. Taylor. The proofs in the case clearly established the withdrawals from the Michigan National Bank.

On the trial of the case the testimony of defendants was indefinite and uncertain with reference to their financial transactions and as to the sources from which they had obtained funds to pay for property that they had purchased during the period in question here. They made no claim by their answers or otherwise that Mrs. Taylor had given them her funds, or any portion thereof, to use for their own purposes. The trial judge came to the conclusion on the record before him that the accounts had been established for the use and benefit of Mrs. Taylor, that her moneys alone had created them, and that the money in each account had been withdrawn by Mrs. Elmendorf who failed to render any satisfactory explanation as to the purposes for which the money had been expended. It is significant in this regard that on the day following the joint deposit in the

Michigan National Bank there was withdrawn therefrom by Mrs. Elmendorf the sum of $3,500, followed by another withdrawal 4 days later of $4,000, of $500 on September 21, 1955, and $1,600 on November 29, 1955. It thus appears that of the total deposit the sum of $9,600 was withdrawn prior to December 1, 1955. No claim is made that such money or any part of it was expended for the use and benefit of Mrs. Taylor or that any part of it was invested for her.

That Mrs. Taylor reposed trust and confidence in Mrs. Elmendorf is clearly shown by the record. The trial judge was fully justified in finding that such was the situation. Apparently this relationship continued even after the funds of Mrs. Taylor had been completely exhausted. Under date of September 17, 1956, the latter executed a will in which she undertook to dispose of her property, Mrs. Elmendorf being named as the beneficiary of approximately 1/2 of the estate that Mrs. Taylor apparently thought she owned. A decree was entered in circuit court in accordance with the factual findings set forth in the opinion filed, granting to plaintiff administratrix the relief sought. Defendants have appealed, claiming that the trial court was in error in his findings and that certain testimony was improperly received in evidence.

In February, 1957, Mrs. Elmendorf filed a petition in the probate court of Calhoun county asking that she be appointed as guardian of the person and estate of Mrs. Taylor. It was asserted in said petition that Mrs. Taylor was mentally incompetent, and that she had no property, either realty or personalty. A statement was contained in said petition indicating that it was desired to obtain an old-age pension for her. The appointment was made in accordance with the petition and an inventory was filed

indicating that there were no assets. As before stated, Mrs. Taylor passed away May 16, 1957.

On the trial of the case the probate file in the guardianship proceeding was offered in evidence. Counsel for defendants objected and after some colloquy between court and counsel it was suggested by the attorney for plaintiff that the file was admissible for the purpose of showing the age of Mrs. Taylor. Thereupon the parties stipulated in that respect, and the trial judge stated in substance that the exhibit would not be received. Following the conclusion of the proofs, however, and in connection with the consideration of the record before him, the judge concluded that the file was relevant to certain issues in the case and that it was entitled to admission in evidence. It is contended on behalf of appellants that such ruling was erroneous and that the determination of the cause was thereby affected. On behalf of plaintiff it is insisted that the file was competent and that no prejudicial error was committed by the circuit court in reaching such conclusion. It is further suggested that if incompetent the contents of the file had no particular bearing on the final disposition of the cause. There is much merit in the latter suggestion. However, we are not prepared to say that the circuit judge erred in finally concluding that the exhibit was admissible. Mrs. Elmendorf testified on the trial of the cause, apparently without objection, that she had filed such a petition in probate court. The statements that she made therein constituted unequivocal admissions on her part that the money of Mrs. Taylor that had gone into the joint accounts had been used to the point of exhaustion, and that no property had been acquired therewith for the benefit of Mrs. Taylor. The file was entitled to consideration in connection with the testimony in the case.

The attorney who prepared Mrs. Taylor's will in September, 1956, was called as a witness in the case on behalf of plaintiff, and in response to questions of counsel related certain statements made to him by Mrs. Taylor. Counsel for defendants objected to the line of inquiry on the ground that said statements, or at least some of them, were self-serving and that, in consequence, the testimony of the witness was incompetent under the holdings of this Court in *Mitts* v. *Williams,* 319 Mich 417, and *Pence* v. *Wessels,* 320 Mich 195. Under said decisions, and other cases in which the question has been discussed, testimony as to self-serving statements should not have been received. It was the claim of counsel for plaintiff, however, that the testimony was offered for the purpose of showing the state of mind of the testatrix. It is argued that at the time Mrs. Taylor made the will she thought she owned property that had been purchased for her by Mrs. Elmendorf with moneys belonging to testatrix, that she completely trusted said defendant, and that the statements tended to throw light on the relationship between the parties.

It is doubtless true that some of the statements made tended to explain why Mrs. Taylor did not in her lifetime institute any proceeding for an accounting. Under authorities cited in *Pease* v. *Jennings,* 180 Mich 682, state of mind, when material in a case, may be shown by testimony of statements made by the individual concerned. In the situation now before us the testimony given by the attorney may properly be regarded as admissible in part, but subject to the limitation that self-serving statements could not be shown in such manner with reference to the basic question, which in the instant case was, of course, the purpose for which the joint deposits were made.

This brings us to the question whether any self-serving statements improperly received through the testimony of the witness affected the result in the case. It does not appear from the opinion of the circuit judge that he based his conclusion as to the purpose of the arrangement between the parties when the joint accounts were opened on the testimony of the witness as to statements made by Mrs. Taylor at the time she gave directions for the preparation of her will. The instrument itself indicates that she thought at the time that she had property of which she was entitled to make testamentary disposition. We are impressed that without reference to testimony open to objection because containing self-serving declarations plaintiff on the record before us was entitled to a decree in her favor as administratrix of the estate. This is an equity case tried before the court without a jury and the admission of improper testimony not affecting the result may properly be disregarded. See *Pence* v. *Wessels, supra.*

Appellants claim that the trial court was wrong in finding that Mrs. Elmendorf had no authority to withdraw funds from the joint accounts. We think counsel are mistaken as to the holding of the trial judge in this respect. Plaintiff did not challenge the authority of Mrs. Elmendorf as 1 of the parties to the joint account but took the position, as is apparent from the bill of complaint, that defendants had no right to invest money from the funds in property which they undertook to acquire for themselves. The claim of a constructive trust is predicated on the theory that the obligation resting on Mrs. Elmendorf was violated in this respect, and the relief granted by the decree was based accordingly. If the defendant Leslie Elmendorf acquired an interest in property purchased with Mrs. Taylor's money, then such interest was properly subjected

to the decree. The testimony in the case indicated that he did so, and the trial judge was not in error in so holding.

Without discussing the situation further we conclude on the basis of the record before us that plaintiff administratrix was entitled to the relief granted by the trial court. The decree entered is therefore affirmed, with costs to plaintiff.

DETHMERS, C. J., and KELLY, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.