## LINCOLNHOL v. VILLAGE OF SHOREHAM.

1. MUNICIPAL CORPORATIONS—ZONING—RESIDENCES—VALUE.

   Finding of trial court that defendant village's zoning ordinance, restricting plaintiff's property to residential use, bore no substantial relationship to the health, safety, morals, comfort, convenience, and general welfare of the community, and was so unreasonable as to be confiscatory *held*, supported by testimony showing plaintiff's 330′ square parcel was surrounded by industrial and commercial properties, had a commercial value of $44,000 and only $8,100 for residential purposes, and that lifting of the residential zoning would not threaten deterioration of the village as a residential community.

2. SAME—ZONING ORDINANCE—REASONABLENESS.

   A municipal zoning ordinance must be reasonable in its operation to be valid; arbitrary action or unreasonable exercise of authority in such matter not being justifiable.

3. SAME—ZONING ORDINANCE—VALUE—ENHANCEMENT OF BEAUTY.

   A municipal zoning ordinance which restricts property to a use for which it is not adapted and thereby destroys the greater part of its value in order that the beauty of the municipality may be enhanced is unreasonable.

4. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW—EVIDENCE.

   The Supreme Court does not ordinarily reverse the trial court in a chancery case, even though there is a *de novo* review, where the determination made follows an opportunity to hear wit-

REFERENCES FOR POINTS IN HEADNOTES

[1]  58 Am Jur, Zoning §§ 21, 22, 25, 26, 33, 139, 140.
[2]  58 Am Jur, Zoning §§ 21, 22.
[3]  58 Am Jur, Zoning § 30.
[4]  5 Am Jur 2d, Appeal and Error §§ 822, 882.
     58 Am Jur, Zoning § 255.
[5]  58 Am Jur, Zoning §§ 231, 232, 251, 255, 258.
[6]  53 Am Jur, Trial §§ 123–127.

nesses testify and observe their conduct on the stand, since the trial court had a better opportunity to determine the weight of their testimony.

5. EQUITY—REOPENING PROOFS—DISCRETION OF COURT.
    Trial court's denial of motion to reopen proofs after rendition of opinion but before entry of decree in suit to declare village zoning ordinance invalid as applied to plaintiff's property, in order to show another property owner had filed to have his property rezoned from residential to commercial *held*, not an abuse of discretion.

6. SAME—REOPENING OF PROOFS—DISCRETION OF COURT.
    The reopening of proofs in a chancery case is permissible only within the discretion of the trial court.

Appeal from Berrien; Zick (Karl F.), J. Submitted November 7, 1962. (Docket No. 49, Calendar No. 49,546.) Decided December 3, 1962.

Bill by Edmund Lincolnhol and Mabel Lincolnhol against the Village of Shoreham, a Michigan corporation, to declare zoning ordinance void as to their property. Decree for plaintiffs. Defendant appeals. Affirmed.

*Killian, Spelman & Taglia* (*Joseph E. Killian* and *Paul A. Taglia,* of counsel), for plaintiffs.

*Ryan & McQuillan* and *Russell J. Taylor* (*James B. McQuillan,* of counsel), for defendant.

KELLY, J. This is an appeal from a decree of the circuit court for the county of Berrien declaring a residential zoning ordinance invalid as applied to plaintiffs' property. This action was instituted after the village of Shoreham denied plaintiffs' petition to rezone their parcel from residential to commercial in order that a gasoline station might be erected thereon.

Plaintiffs are owners of a parcel of land, approximately 330 feet square, situated in the village of

Shoreham.   The parcel is bounded on the south by
Lincoln township, on the east by St. Joseph township,
and on the west by highway US–12 (now redesig-
nated as business loop I–94).   Immediately to the
south and in Lincoln township is located the Lake
Shore Division of Bendix Aviation Corporation, in-
cluding a foundry.   Immediately to the east and in
St. Joseph township is Bendix Aviation Corpora-
tion's parking lot.   Immediately to the north and
abutting plaintiffs' parcel is the property and plant
of the Continental Can Company; the buildings
thereon being situated some 595 feet from US–12
and in a northeasterly direction from plaintiffs'
property:

A roadway from US–12 to the Continental plant
is used by trucks and automobiles.   To the east of
plaintiffs' property is the parking lot of Bendix Cor-
poration, used daily by from 600 to 700 of its em-
ployees.   Directly across US–12 to the west of plain-
tiffs' property is the Holiday House Restaurant and
Inn-Motel.   The trial court found that to the south
of plaintiffs' property the great bulk of the frontage
of other properties along US–12 is used for commer-
cial and industrial purposes.   Approximately 1,075
feet to the east of plaintiffs' property is the main
line of the Chesapeake & Ohio railroad, with spurs
running from the main line to the Bendix and Con-
tinental plants.   Adjacent to the railroad tracks is
the Welch Products Company.

The village of Shoreham, in 1953, passed the
zoning ordinance in issue here, providing for 2 types
of use districts:   (a) agricultural and residential,
and (b) business district.   Subsequently, the area
zoned "business district" under the 1953 ordinance
was annexed to the city of St. Joseph, leaving the
village without a business area.   In 1957 the village
of Shoreham amended its ordinance and deleted
"business district" as a type of use district, thereby

restricting the village to a residential and agricultural use district.

In 1960 plaintiffs petitioned that their parcel be rezoned from residential to commercial usage. This was denied by the village council. Subsequently this chancery action was commenced by plaintiffs, alleging that defendant's ordinance was void in so far as it restricts plaintiffs from using the property in question for commercial purposes.

The issue before the trial court, and presented to us on appeal, is whether the above ordinance, as applied to plaintiffs' property, is "unreasonable, arbitrary, capricious and confiscatory and does it fail to bear a reasonable relationship to the health, safety or general welfare of the citizens of the village of Shoreham?"

A review of plaintiffs' proofs submitted below indicates that the Bendix Corporation, employing approximately 675 persons, makes use of the parking lot just east of plaintiffs' property, and that the Bendix foundry and machine shop operations will not be curtailed in the foreseeable future; that the Continental Can Company is manned and operated for the purpose of fabricating and assembling metal containers, and employs approximately 75 persons. The plant had been in operation for a period of less than 2 years at time of trial, and the plant building contains some 150,000 square feet; that 15 to 20 trucks per day are driven in and out of the driveway belonging to Continental Can Company during the winter months alone, and that during the summer months as many as 75 trucks per day make use of the driveway.

Plaintiffs also produced testimony that the property has a commercial value of $44,000 whereas its value as presently zoned is $8,100.

The owner and operator of the Holiday House testified that the season for his operation lasts 8 or 9

months of each year; that his restaurant consists of several dining rooms and seats from 160 to 200 people; that there are a total of 4 buildings on the Holiday acreage, which are located west of plaintiffs' property.

Plaintiffs' witness, Heath P. Calvin, a civil engineer and manager of the Berrien county road commission, testified that a modern filling station, which would be built if plaintiffs' property is rezoned, would have little or no effect on the public safety and possibly could benefit the public safety by increasing visibility at the intersection of Maiden Lane and highway US-12. It was his further opinion that it would present no unusual fire hazard because of the rigid enforcement of rules and regulations by the State fire marshal.

Defendant called Irving W. Colburn, an architect and planner, who testified the zoning ordinance provided the best use of the property as presently zoned —residential. Testimony taken on a special record reveals the witness considered the zoning ordinance proper if the village of Shoreham was to retain its characteristics and not deteriorate the residential qualities of the neighborhood area. He further stated that the adjacent area, in his opinion, took care of the business needs of the village.

Defendant presented testimony relative to the plaintiffs' acquisition and use of the property in question, contending that plaintiffs have brought this situation upon themselves through sale of portions of the 33 acres once owned by plaintiffs to the Continental Can Company and to the Welch Products Company.

The trial court, after reviewing all the evidence submitted and the law applicable thereto, concluded the zoning ordinance as applied to plaintiffs' property bears no substantial relationship to the health, safety, morals, comfort, convenience and general wel-

fare of the community; that such ordinance, as applied to plaintiffs' property, is unreasonable in its operation to the extent that it is also confiscatory. With this we agree, and quote from Justice CARR's opinion in *Hitchman* v. *Township of Oakland,* 329 Mich 331, wherein he stated (p 335) :

"Under the act, arbitrary action or the unreasonable exercise of authority may not be justified. A zoning ordinance must be reasonable in its operation."

A review of the entire proofs reveals plaintiffs' property is situated directly in the midst of commercial and industrial businesses. No reasonable person could anticipate residential development of plaintiffs' parcel. Defendant's contention is that if plaintiffs' property is permitted to be zoned commercial, residential deterioration of the village of Shoreham is thereby threatened. This is unfounded and not supported by the record. A zoning ordinance which restricts property to a use for which it is not adapted and thereby destroys the greater part of its value in order that the beauty of the municipality may be enhanced is unreasonable. *Grand Trunk Western R. Co.* v. *City of Detroit,* 326 Mich 387. See, also, *City of Pleasant Ridge* v. *Cooper,* 267 Mich 603, wherein this Court ruled an ordinance is unreasonable which restricts property upon a boundary line of a village to a use for which the property is not adapted. Also, see *Spanich* v. *City of Livonia,* 355 Mich 252. No debatable question as to reasonableness of the ordinance as applied to plaintiffs' property is presented here, as suggested by the rule of *Brae Burn, Inc.,* v. *City of Bloomfield Hills,* 350 Mich 425.

Although on appeal this Court reviews chancery cases *de novo,* we do not ordinarily reverse the trial court, who has had the opportunity to hear wit-

nesses testify, observe their conduct on the stand, and has, therefore, a better opportunity to determine the weight of their testimony. We conclude the trial court correctly ruled the opinions of Irving W. Colburn were too general and that he overlooked entirely the fact that plaintiffs' property is, for all practical purposes, surrounded by commercial users.

Defendant's second claimed error on appeal—that the trial judge failed to reopen proofs after the opinion was filed but before decree was entered, in order to show another property owner had filed to have his property rezoned from residential to commercial, is without merit. Such a request is permissible only within the discretion of the court, and since such petition had no bearing on the issue of the zoning validity of plaintiffs' property, we find no abuse of discretion.

The decree of the circuit court is affirmed. Plaintiffs shall have costs.

CARR, C. J., and DETHMERS, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.