SHELL OIL COMPANY *v.* CITY OF LIVONIA

1. ZONING—ZONING ORDINANCE—REASONABLENESS—BASIS.
   The reasonableness of a zoning ordinance must be determined on its own facts.

2. ZONING—ZONING ORDINANCE—VALIDITY—REQUIREMENTS.
   A zoning ordinance, in order to be held valid, must bear a reasonable relationship to the public health, safety, or general welfare.

3. ZONING—ZONING ORDINANCE—VALIDITY—BURDEN OF PROOF.
   The party attacking the validity of a zoning ordinance must affirmatively show that the ordinance is arbitrary and unreasonable.

4. ZONING—ZONING ORDINANCE—GAS STATIONS—REASONABLENESS.
   A zoning ordinance allowing gas stations only as a waiver use and a zoning ordinance excluding all gas stations in a certain area were unreasonable and arbitrary as applied to the plaintiff's land, where the area was zoned for commercial use, the proposed gas station would not adversely affect the area, the zoning authority objections were based on traffic problems, but the gas station's effect on traffic would be

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 58 Am Jur, Zoning § 14 *et seq.*
[5] 29 Am Jur 2d, Evidence § 5.

minimal, and the area was zoned in a manner that would allow the construction of many businesses that would have a far greater effect than a gas station on traffic.

5. Trial—Nonjury Trial—Evidence—Improper Evidence.

The admission of certain evidence of the plaintiff, even assuming that it was improperly admitted, was not reversible error where the case was an equity case tried without a jury dealing with the validity of a zoning ordinance and where, even disregarding the questioned evidence, the trial court's findings in favor of the plaintiff were supported by the overwhelming weight of the evidence.

Appeal from Wayne, James N. Canham, J. Submitted Division 1 December 9, 1970, at Detroit. (Docket No. 7701.)   Decided February 16, 1971.

Complaint by Shell Oil Company against the City of Livonia, its city council, mayor, city planning commission, and chief inspector of buildings, to declare the city's zoning ordinance invalid as applied to plaintiff's property. Judgment for plaintiff. Defendants appeal. Affirmed.

*Travis, Warren, Nayer & Burgoyne* (by *Frederick D. Steinhardt*), for plaintiff.

*Harry C. Tatigian,* City Attorney, and *Robert M. Feinberg,* Assistant City Attorney, for defendants.

Before: Danhof, P. J., and Holbrook and Vander Wal,* JJ.

Danhof, J.  Shell Oil Company is the owner of a parcel of land located at the intersection of Newburgh Road and Five Mile Road in the City of Livonia. Shell Oil purchased the land in 1960 and at that time it was zoned to allow gas station use.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

In 1961 Shell Oil obtained a building permit to construct a gas station. Shell Oil did not begin construction but the permit was annually renewed until 1966. In 1965 the city rezoned the property to a classification that allowed gas stations only as a waiver use. Shell Oil requested a waiver, but the city refused, citing eight reasons. Shell Oil then brought this action seeking to have the zoning ordinance declared invalid as applied to its property. While the case was pending the city again rezoned the parcel, this time excluding any gas station use. Shell Oil's land is located in a developing commercial area and a large number of business establishments have been constructed in the last few years. At the intersection in question two corners are occupied by gas stations, both of which have been built since Shell Oil bought its property. The trial court granted the relief sought and the city has appealed.

When the city denied Shell Oil the waiver it listed eight reasons and it uses essentially the same reasons to justify the second rezoning. These reasons are:

"(1) There has been a change in circumstance since the original approval in 1961 in that at that time all four corners were vacant, now there are two gas stations.

"(2) Newburgh Road is not a county road; it is a dirt road and there is no contemplated improvement of it.

"(3) There is no traffic light at this intersection.

"(4) This location is in close proximity to the hospital and could conflict with the numerous emergency vehicles.

"(5) This location is in a heavily congested area with many very young children.

"(6) This area is heavily travelled and would constitute a traffic hazard and unduly conflict with normal traffic in the area.

"(7) It would be detrimental to the proposed shopping center and would hamper development of same.

"(8) This use would be noxious and detrimental to the orderly development of the surrounding neighborhood and would not be consistent with the objectives and spirit of sound planning and of the ordinance."

This case is equitable in nature and we review *de novo*. However, we give considerable weight to the findings of the trial court. *Biske* v. *City of Troy* (1969), 381 Mich 611. In this case the trial court made extensive findings of fact and the record contains ample support for those findings. Therefore, we are not disposed to overturn them.

We summarize the trial court's findings as follows: Any increase in traffic caused by the gas station would be minimal. Other businesses in the area cause a greater volume of traffic than would the proposed gas station. Other businesses which may be built in the area as it is presently zoned would cause much greater traffic problems than would the gas station. Shell Oil's land is roughly .7 of a mile from the hospital entrance and the construction of a gas station would not cause serious traffic problems. Also the ordinance allows buildings, that would generate more traffic than the gas station, to be built closer to the hospital. Most children in the area would not have to cross the street to go to school. The shopping center would not be interfered with. The shopping center whose interest the city wishes to protect would generate more traffic than would the gas station. Traffic is not heavily congested for a suburban intersection. Shell Oil's land as it is presently zoned could be used for purposes that would create far greater problems than would a gas station.

In determining the reasonableness of a zoning ordinance each case must be determined upon its own facts. *Roll* v. *City of Troy* (1963), 370 Mich 94. To be upheld a zoning ordinance must bear a reasonable relationship to the public health, safety, or general welfare. *Lincolnhol* v. *Village of Shoreham* (1962), 368 Mich 225. However, the party attacking the ordinance must affirmatively show that it is arbitrary and unreasonable. *Padover* v. *Township of Farmington* (1965), 374 Mich 622.

On the facts of this case we conclude that the plaintiff has carried its burden. We can perceive no reasonable basis for excluding the gas station from the property in question. The area is zoned for commercial use. The proposed gas station will not adversely affect the area. The city's objections all relate to traffic problems, but the trial court found that the effect on traffic would be minimal. The area is zoned in a manner that would allow the construction of many businesses that would have a far greater effect on traffic. The parcel in question is zoned in this manner. On these facts we conclude that insofar as the ordinances prohibit the erection of a gas station on Shell Oil's property they are arbitrary and unreasonable.

The plaintiff contends that the second zoning ordinance is invalid because it is suit defensive citing *Willingham* v. *City of Dearborn* (1960), 359 Mich 7. Because of our holding that both ordinances are invalid we find it unnecessary to pass upon this question.

The city contends that the court erred in admitting certain evidence offered by the plaintiff. The plaintiff offered a letter from the city engineer requesting it to deed property to the city for the widening of Newburgh Road. It also offered two unsigned deeds that the city had furnished for this

purpose.   Shell Oil also offered a customer's survey taken at another gas station and a letter from the owners of the shopping center stating that they had no objection to the gas station.   If this evidence is disregarded the trial court's findings are still supported by the overwhelming weight of the evidence. Therefore, even if it was error to admit the evidence it was not reversible error.   *Hazen* v. *Elmendorf* (1962), 365 Mich 624; *Bruso* v. *Pinquet* (1948), 321 Mich 630.

Affirmed.   Costs to the plaintiff.

All concurred.