MEIGS *v.* THAYER.

1. ATTORNEY AND CLIENT—MISTAKE—JOINT BANK ACCOUNTS—ESTATES OF DECEDENTS.

   While attorney for estate of deceased joint tenant of a bank account was under no obligation to advise survivor of latter's legal rights, including rule that such rights were not dependent upon contribution to the deposit, he was bound, when she visited his office upon request, to recognize her manifest ignorance and not plant advantage to the estate on disclaimer manifestly based on a mistake engendered by his noncontrolling questions (3 Comp. Laws 1929, § 12063, as amended by Act No. 286, Pub. Acts 1937).

2. BANKS AND BANKING — JOINT SAVINGS ACCOUNT — SURVIVOR'S RIGHTS.

   Express intention of bank depositor in making a savings account a joint one so as to create a joint tenancy in it with right of survivorship in either herself or plaintiff, her long-time friend, not having been the result of fraud or undue influence nor altered prior to death of depositor, left sole title to deposit in plaintiff upon depositor's death about four years later (3 Comp. Laws 1929, § 12063, as amended by Act No. 286, Pub. Acts 1937).

3. SAME—SETTING ASIDE SURVIVOR'S RELEASE—MISTAKE—ATTORNEYS—EQUITY.

   Plaintiff's release of her right and title to savings account in the amount of $7,233.73 which had come to her upon death of depositor, a long-time friend, who had died testate and left an estate, not including the deposit, of about $50,000, is set aside as inequitable where the result of survivor's ignorance of her rights and a mistake brought about by questions of attorney for the estate, which were well calculated to impress her as vital to her rights, and the executor ordered to repay the money with legal interest (3 Comp. Laws 1929, § 12063, as amended by Act No. 286, Pub. Acts 1937).

Appeal from Wayne; Dingeman (Harry J.), J. Submitted June 6, 1939. (Docket No. 20, Calendar No. 40,523.) Decided September 5, 1939.

Bill by Florence M. Meigs against Parker Thayer, executor of the will of Etta E. MacFarlane, deceased, and Arthur W. MacFarlane to obtain title to funds deposited in a joint account and for other relief. Bill dismissed. Plaintiff appeals. Reversed.

*Hill, Hamblen, Essery & Lewis* (*Charles C. Andrews* and *Austin Fleming,* of counsel), for plaintiff.

*Charles H. Hatch,* for defendants.

WIEST, J. In October, 1933, Etta E. MacFarlane, a single woman of financial means and business experience, and plaintiff herein, a widow without financial means and with little business experience, who were long-time friends, went to a branch of the Manufacturers' National Bank of Detroit and opened a savings account in their joint names, payable to either or the survivor, and signed forms and cards to such effect, including the recital that:

"The intention of the said signators is to create a joint tenancy in this account and in the accounts in continuation hereof with right of survivorship."

This constituted them joint tenants, with deposits thereunder payable to either, during the life of both, or to the survivor after the death of one of them. 3 Comp. Laws 1929, § 12063 (Stat. Ann. § 23.303).

Act No. 286, Pub. Acts 1937, effective July 23, 1937 (Stat. Ann. 1939 Cum. Supp. § 23.303), added the following amendment:

"The making of the deposit in such form shall, in the absence of fraud or undue influence, be *prima*

*facie* evidence, in any action or proceeding, to which either such banking institution or surviving depositor or depositors is a party, of the intention of such depositors to vest title to such deposit and the additions thereto in such survivor or survivors.''

The initial deposit and all additions thereto were made by Miss MacFarlane.

Miss MacFarlane died testate September 28, 1937, leaving an estate, not including the deposit, of the value of about $50,000, and at that time the joint deposit amounted to $7,233.73. Under the express terms of the deposit and the statute sole title to the deposit then vested in plaintiff.

September 17, 1937, Miss FacFarlane executed a will, making specific bequests, including one of $500 to plaintiff, with residue of her estate in trust for a named beneficiary, and named defendant Thayer executor. The executor learned of the mentioned deposit, counseled with the attorney for the estate, and plaintiff, upon request, visited the office of the attorney and there, in answer to questions, stated she had made no part of the deposit and, under the belief that in such event the deposit was not hers, stated she did not claim it, was at once taken to the bank and there executed a transfer of the deposit to the executor. Subsequently, learning that she owned the deposit and the fact she had contributed no part thereof was immaterial, plaintiff filed the bill herein to be relieved of her mistake, have cancellation of the transfer of the deposit and decree for restoration of the amount thereof. Proofs were taken under reference by a circuit court commissioner and report made in favor of plaintiff. Defendants filed exceptions, and the court dismissed the bill.

Plaintiff reviews by appeal, and contends that no substantial evidence was introduced in rebuttal of

the presumption declared by the mentioned statute and that her ignorance of her rights, taken advantage of in the office of the attorney for the estate in having her release her vested right without advice or consideration, entitled her to the relief asked.

Defendants claim there was sufficient evidence to overcome the statutory presumption; that plaintiff declared she made no claim to the deposit and voluntarily joined in placing the same in the hands of the executor, that the attorney for the estate was under no obligation to advise plaintiff of her legal rights and his silence was proper and plaintiff's claimed mistake does not entitle her to any relief.

While it is true that the attorney for the estate was under no obligation to advise plaintiff as to her legal rights, of which we must assume he was fully aware, inclusive of the law, that her rights were not contingent upon contribution to the deposit and that her disclaimer was manifestly based on a mistake engendered by his noncontrolling questions, he was bound to recognize her manifest ignorance and not plant advantage to the estate thereon.

The express intention of Miss MacFarlane, in the original application creating the deposit, stands unaffected by subsequent acts on her part and, there having been no fraud or undue influence, we must let stand what she let stand to the time of her death. Had she desired otherwise she was enabled at any time to withdraw the whole or any part of the deposit.

Under the evidence and the law sole title to the deposit vested in plaintiff at the death of Miss MacFarlane, and plaintiff's release of such right and title was by reason of ignorance of her rights and the mistake brought about by questions well calculated to impress her as vital to her right to claim the deposit.

This is a clear case calling upon the court of equity to place the parties and their rights and obligations where they belong.

The decree of the circuit court is reversed, and a decree will be entered in this court setting aside the transfer of the deposit, restoring ownership thereof to plaintiff, and requiring the executor of the estate of Etta E. MacFarlane, deceased, to repay the money with interest thereon at five per cent. per annum.

Plaintiff will recover costs.

BUTZEL, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.