29 Mich. App. 518 (1971)
185 N.W.2d 558
ESTATE OF MARRON
TRAVERSE CITY STATE BANK
v.
SCHULER
Docket No. 7788.
Michigan Court of Appeals.
Decided January 19, 1971.
Remanded for new trial June 3, 1971.
Menmuir & Zimmerman, for Traverse City State Bank.
Williams, Coulter & Forster, for defendant Ernest F. Schuler.
Hubbell, Blakeslee & McCormick, for defendant legatee St. Francis Catholic Church.
Before: T.M. BURNS, P.J., and R.B. BURNS and MUNRO,[*] JJ.
Remanded to trial court for new trial by Supreme Court June 3, 1971. 385 Mich 753.
T.M. BURNS, P.J.
In 1959, defendant Schuler's name was added to the bank account of Charles M. Marron. In 1965, Marron, now deceased, executed a will in which Schuler was named as legatee. Later, the deceased executed another will in which Schuler was omitted. However, at the time of Marron's death, the bank account, which held the bulk of Marron's estate, was still in the names of both Schuler and Marron.
*520 Plaintiff bank brought an action for a declaratory judgment to determine who was entitled to the proceeds of the bank account; the decedent's estate, or Schuler. Defendant appeals the judgment by the trial court declaring the proceeds of the bank account as part of the estate.
MCLA § 487.703 (Stat Ann 1957 Rev § 23.303) creates a presumption of joint ownership where a bank deposit is made in the names of two or more persons:
"The making of the deposit in such form shall, in the absence of fraud or undue influence, be prima facie evidence, in any action or proceeding, to which either such banking institution or surviving depositor or depositors is a party, of the intention of such depositors to vest title to such deposit and the additions thereto in such survivor or survivors."
The question to be decided by this court is, therefore, whether the plaintiff has offered any admissible evidence to rebut the presumption of ownership by the defendant created by the statute when a bank account is held in the names of two or more persons?
A trust officer who was looking after Mr. Marron's affairs testified at the trial that he had gone to Schuler's home after Marron's death to explain the purpose of the declaratory action. The trust officer then testified that during the visit Schuler stated that he made no claim to the money and that his name had been added to Marron's account so that he could withdraw funds and send them to Marron when he was away during the winter.
Schuler himself did not attend the trial although he was represented by an attorney. The testimony by the trust officer at the trial was, therefore, unrefuted. Defendant contends, however, that the survivor's understanding of his right to the proceeds *521 of a joint bank account is irrelevant. It is defendant's position that the statutory presumption can only be rebutted by evidence which deals with the intention of the donor at the time the account is created.[1]
We agree that the trust officer's testimony regarding Schuler's disclaimer of any interest in the account is irrelevant, but we do not agree that his testimony regarding the reason for the defendant's name being added to the account is irrelevant.
The testimony of the trust officer establishes that Schuler told him that Schuler's name was added to the account only for the purpose of allowing Schuler to withdraw funds and send them to Marron while he was away during the winter. The testimony tends to establish, therefore, that Marron did not wish Schuler to have any interest in the account, but rather that he only wished to have a convenient method by which he could withdraw funds from the bank should he need them while wintering in Florida or California. We find that the testimony by the trust officer is competent to rebut the presumption created by the statute. Therefore, since defendant relies solely on the statute, and since we have found that the statutory presumption has been rebutted,[2] the judgment of the trial court must be affirmed.
The other issue raised by defendant Schuler concerns whether or not Marron had effectively terminated the joint account. Since we have determined that Schuler had no interest in the account, we find it unnecessary to decide whether or not the joint account was terminated.
Affirmed.
All concurred.
NOTES
[*] Circuit judge, sitting on the Court of Appeals by assignment.
[1] Meiggs v. Thayer (1939), 289 Mich 680.
[2] Pence v. Wessels (1948), 320 Mich 195.