McMAHON *v.* HOLLAND.

1. Husband and Wife—Bank Deposits in Joint Names—Statutes.
   Bank deposits in joint names of husband and wife are not
   subject to provisions of 3 Comp. Laws 1929, § 13071, sub-
   jecting evidences of indebtedness therein named to same re-
   strictions, etc., as are incident to joint ownership of real
   estate by husband and wife, under theory that said deposits
   are included in words ''other evidences of indebtedness.''

2. Same—Inferences of Ownership.
   In absence of evidence as to ownership of money deposited in
   bank in joint names of husband and wife, no inference may
   be drawn that it was property of husband (3 Comp. Laws
   1929, § 12061 *et seq.*)

3. Same—Certificate of Deposit—Trusts.
   Where money deposited in bank in joint names of husband and
   wife was withdrawn by her and certificate of deposit therefor
   issued to her, said certificate was not impressed with trust
   in favor of husband, but, on wife's death, belonged to her
   estate.

Appeal from St. Clair; George (Fred W.), J.
Submitted June 15, 1932. (Docket No. 168, Cal-
endar No. 36,623.) Decided October 3, 1932.

Bill by James E. McMahon against Annie Rudge
Holland and another to impress a trust upon a cer-
tificate of deposit. Bill dismissed. Plaintiff ap-
peals. Affirmed.

*Walsh, Walsh & O'Sullivan,* for plaintiff.

*Alex Moore (Stewart & Black,* of counsel), for
defendants.

Sharpe, J. This case was submitted in the trial court upon an "agreed statement of facts," which, so far as material to the issue here presented, we summarize as follows:

The plaintiff and Mary Rudge were married in 1922. Each then had some individual property. They lived together until the death of Mrs. Mc-Mahon on April 14, 1931. Mr. McMahon was a railroad conductor during that time, earning approximately $240 per month. On September 14, 1927, an account was opened by them in the United States Savings Bank in Port Huron by the deposit of $100 therein. At the top of the bank ledger was written: "Mr. or Mrs. James E. McMahon, 914 Michigan street." On the signature card left with the bank appeared the words, "Mary R. McMahon or J. E. McMahon 915 Michigan St." Deposits were made from time to time, usually in amounts of about $100 or less, aggregating in all about $3,000. In March, 1928, there was, however, a deposit of $500 and a withdrawal of $646. Other withdrawals were somewhat frequent, and in amounts varying from $5 to $200. The record does not disclose by whom the deposits or withdrawals were made.

In November of 1929, Mrs. McMahon became ill, and continued so until the time of her death. A part of the time she was bedridden, and was attended and nursed by her sister, Mrs. Holland, and other nurses employed for that purpose.

On July 5, 1930, Mrs. Holland presented to the bank an order for the payment of $1,000 (the balance then being $1,026.92), signed by Mrs. McMahon, and the bank issued to Mrs. McMahon a certificate of deposit, payable to her personally, therefor. This certificate was afterwards surrendered and a new one issued to her, which included the interest, in the

sum of $1,020. It was in her possession at the time of her decease, was inventoried as a part of her estate, and is now in the hands of the defendant First National Trust & Savings Bank, the administrator of her estate.

These facts are set up in the bill of complaint, and the court is asked to impress a trust in favor of the plaintiff upon this certificate of deposit and order it transferred and delivered to him. His claim thereto is based upon the provision in Act No. 212, Pub. Acts 1927 (3 Comp. Laws 1929, § 13071). This act is entitled:

"An act to provide for the joint ownership by husband and wife in joint tenancy of certain classes of personal property with right of survivorship."

It consists of but one section, reading as follows:

"All bonds, certificates of stock, mortgages, promissory notes, debentures, or other evidences of indebtedness hereafter made payable to persons who are husband and wife, or made payable to them as indorsees or assignees, or otherwise, shall be held by such husband and wife in joint tenancy unless otherwise therein expressly provided, in the same manner and subject to the same restrictions, consequences and conditions as are incident to the ownership of real estate held jointly by husband and wife under the laws of this State, with full right of ownership by survivorship in case of the death of either."

In our opinion this statute does not apply to a bank deposit such as was here made. The legislature had theretofore passed an act (Act No. 248, Pub. Acts 1909, 3 Comp. Laws 1929, § 12061 et seq.) in relation to deposits in banks and trust companies in the name of more than one person. Had it been intended that Act No. 212 should include deposits in

banks, they would doubtless have been mentioned. They are not included in the words, "other evidences of indebtedness," used therein.

The record discloses no information as to the deposits made. During at least a part of the time this account was kept in the United States Savings Bank, these parties kept a deposit in another bank in that city. No inference can be drawn that the moneys so deposited were the property of the plaintiff. Under the arrangement made with the bank, either the plaintiff or the deceased was entitled to withdraw the same at any time. This $1,000 was withdrawn by the deceased. The bank was relieved of liability by accepting her check therefor and the issuance of the certificate of deposit to her. Had the account been kept "in form to be paid to either or the survivor of them," as provided for in section 12063, a different question would be presented. On this record it cannot be held that the certificate received by her was impressed with a trust in favor of the plaintiff, or that he is entitled to have the same delivered to him.

The conclusion reached renders it unnecessary to discuss the other questions presented.

The decree dismissing the bill of complaint is affirmed, with costs to appellees.

Clark, C. J., and McDonald, Potter, North, Fead, Wiest, and Butzel, JJ., concurred.