HENDRICKS v. WOLF.*

1. HUSBAND AND WIFE—LAND CONTRACTS IN JOINT NAMES—STATUTES.

   Land contracts in joint names of husband and wife to property, title of which was held in name of husband only, *held*, not subject to provisions of 3 Comp. Laws 1929, § 13071, subjecting evidences of indebtedness therein named, but failing specifically to mention land contracts, to same restrictions, consequences and conditions as are incident to joint ownership of real estate by husband and wife, under theory that said land contracts are included in words "other evidences of indebtedness," especially in view of 3 Comp. Laws 1929, § 13068 relative to sale of entirety property on land contract.

2. VENDOR AND PURCHASER—LAND CONTRACTS—HUSBAND AND WIFE NAMED AS VENDORS OF PROPERTY HELD BY HIM—GIFTS—BARRING DOWER.

   In land contracts for sale of property held by decedent in his own right, which specifically named as vendors decedent and plaintiff "his wife, and also *in her own right,*" italicized term is not construed as an expression of an intention to make a gift of a one-half interest in the contracts to plaintiff or as having any especial significance, and in the absence of a showing to the contrary it is presumed that she joined in the execution of the contracts to bar her inchoate dower rights.

Appeal from Kent; Verdier (Leonard D.), J. Submitted April 14, 1937. (Docket No. 61, Calendar No. 39,420.) Decided May 21, 1937.

Bill by Gertrude M. Hendricks against G. A. Wolf, administrator of the estate of G. A. Hendricks, deceased, and others to compel the conveyance of certain property and for money decree. Bill dismissed. Plaintiff appeals. Affirmed.

---

* See *In re McBride's Estate,* 253 Mich. 305.—REPORTER.

*Butterfield, Keeney & Amberg* and *Harry Shulsky,* for plaintiff.

*Clare J. Hall* (*Knappen, Uhl, Bryant & Snow,* of counsel), for defendants.

*Knappen, Uhl, Bryant & Snow,* for creditors of defendant estate of decedent.

CHANDLER, J. Plaintiff is the widow of G. A. Hendricks, deceased. The defendants are G. A. Wolf, administrator of the estate of said G. A. Hendricks, G. A. Hendricks, Jr., a minor, and C. W. Wasmuth, guardian of the estate of said minor.

The decedent in his lifetime was the owner of a number of lots, all located in the G. A. Hendricks Subdivision to the City of Grand Rapids, Michigan. A number of said lots were sold on land contracts executed prior to September 5, 1927, the effective date of Act No. 212, Pub. Acts 1927 (3 Comp. Laws, 1929, § 13071). · The remainder of the lots in question had been sold on land contracts executed subsequent to the effective date of said act.

In all the contracts the decedent and his wife, the plaintiff, were named as vendors in the following manner:

"Augustin Hendricks and Gertrude M. Hendricks, his wife, and also in her own right."

The contracts also provided that the vendees, "in consideration of the covenants herein made by first party, agrees to purchase of first party, the above described premises and to pay therefor to first party or their legal representatives * * * the sum of ———— Dollars."

During the administration of Hendricks' estate the sum of $24.75 was paid on the contract covering

Lot 54, executed subsequent to September 5, 1927; the balance due on Lot 36 sold prior to said date was paid and a deed executed in pursuance of the contract; and, an assignment of the vendee's interests in the contracts covering lots 45, 46, and 47 was taken, all three contracts having been executed subsequent to September 5, 1927.

Plaintiff filed a bill in equity claiming that she is the sole owner by survivorship of the contracts executed subsequent to September 5, 1927 and the owner of a one-half interest in those executed prior thereto. From a decree in favor of defendants, plaintiff appeals.

The section of the statute (3 Comp. Laws, 1929, § 13071) upon which plaintiff relies appears as follows:

"All bonds, certificates of stock, mortgages, promissory notes, debentures, or other evidences of indebtedness hereafter made payable to persons who are husband and wife, or made payable to them as indorsees or assignees, or otherwise, shall be held by such husband and wife in joint tenancy unless otherwise therein expressly provided, in the same manner and subject to the same restrictions, consequences and conditions as are incident to the ownership of real estate held jointly by husband and wife under the laws of this State, with full right of ownership by survivorship in case of the death of either."

It is plaintiff's contention that the land contracts in question are embraced within the term "other evidences of indebtedness" and that upon the death of her husband she became the sole owner by survivorship of those contracts executed subsequent to the effective date of the mentioned statute.

No case has been called to our attention, nor has our research disclosed one, in which this precise question has been presented. The statute in question was expressly stated not to be involved in *Detroit & Security Trust Co.* v. *Kramer,* 247 Mich. 468, in that the property rights there under consideration became vested prior to the effective date of the act. In the case of *Commissioner of Internal Revenue* v. *Hart* (C. C. A.), 76 Fed. (2d) 864, it was assumed, but not decided, that contracts for the sale of land were included within the phrase "other evidences of indebtedness." Furthermore, the land described by the contract under discussion by the court in that case was held by the husband and wife as tenants by the entirety prior to the execution of the contract. The decision cannot be held as decisive of the question raised in the instant case.

An analogous situation is to be found in the case of bank and trust company deposits. By legislative enactment (3 Comp. Laws, 1929, § 12063) provision was made relative to such deposits made in the name of more than one person and payable to the survivor. Thereafter 3 Comp. Laws, 1929, § 13071 was enacted. In a case involving the ownership of a bank deposit made in the name of two individuals who were in fact husband and wife, but no words of survivorship being used, we held that section 13071 had no application to such deposit and that the legislature, having theretofore passed section 12063 relative to bank deposits, could not have intended them to be included within the meaning of "other evidences of indebtedness." *McMahon* v. *Holland,* 260 Mich. 246.

We believe this reasoning to be applicable to the instant case. By 3 Comp. Laws, 1929, § 13068, provision is made governing survivorship rights of hus-

band and wife in instances where land owned by them as tenants by the entirety is sold on a contract. Applying the reasoning of *McMahon* v. *Holland, supra,* it must be held that the legislature having made provision for land contracts by a separate enactment could not have intended such contracts as within the meaning of "other evidences of indebtedness." In this connection it is worthy of note that section 13068 mentions both mortgages and land contracts whereas section 13071 omits specific reference to land contracts. It is not improbable that had the legislature intended to include land contracts within the scope of the latter section, particular mention thereof would have been made.

Plaintiff further argues that although section 13071 has no application to contracts executed prior to September 5, 1927, nevertheless she is entitled to a one-half interest in the contracts theretofore executed. In support thereof she submits that because she joined in the execution of the contracts, an intention to make a gift to her of a one-half interest therein was established. In this connection stress is placed upon the use of the words "in her own right" in the contracts. If this argument has merit it would seem to be applicable to all of the contracts as well as those executed prior to September 5, 1927.

Prior to the execution of any of the contracts, the legal title was held in the name of plaintiff's deceased husband. In the absence of a showing to the contrary, it must be presumed that plaintiff joined in the execution of the contracts for the purpose of barring her inchoate dower rights. *Demerse* v. *Mitchell,* 187 Mich. 683. The contracts were prepared on one of the usual printed forms. We do not believe any special significance can be attached to the insertion of the words "in her own right" fol-

lowing the name of plaintiff as one of the vendors. This and similar phrases are all inclusive expressions indiscriminately used in the preparation of legal instruments and under the facts cannot be held to be an expression of an intention to make a gift of a one-half interest in the contracts to plaintiff.

Decree affirmed, with costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSH-NELL, and SHARPE, JJ., concurred. POTTER, J., did not sit.