MANUFACTURERS NATIONAL BANK v. SCHIRMER.

1. BANKS AND BANKING—JOINT ACCOUNT—NOTICE.
   A notice to bank by one of two parties in whose names has been opened a joint account payable to either or survivor not to pay such deposit in accordance with the terms thereof apprises the bank of some defect in the joint account and holds it responsible for payments made thereafter (3 Comp. Laws 1929, § 12063, as amended by Act No. 286, Pub. Acts 1937).

2. SAME—JOINT ACCOUNT—TITLE TO FUNDS—PRESUMPTIONS—EVIDENCE.
   The creation of a joint bank account does not conclusively establish title thereto in the survivor but merely creates a presumption of ownership in the survivor which is rebuttable by competent evidence to the contrary (3 Comp. Laws 1929, § 12063, as amended by Act No. 286, Pub. Acts 1937).

3. Evidence—Rebuttable Presumptions.

A rebuttable presumption created by statute has no weight as evidence when challenged by rebutting testimony.

4. Banks and Banking—Joint Account—Determination of Property Rights.

During the lives of joint bank depositors the actual property rights of the respective parties in the deposit are open to adjudication in case of controversy (3 Comp. Laws 1929, § 12063, as amended by Act No. 286, Pub. Acts 1937).

5. Same—Joint Account—Presumptions—Notice.

Notice by one joint bank depositor to the bank that any withdrawals against her account therein were without her knowledge or consent destroyed the presumption of ownership in daughter with whom account had been held and who survived her mother (3 Comp. Laws 1929, § 12063, as amended by Act No. 286, Pub. Acts 1937).

6. Same—Joint Accounts—Notice—Payment.

Under statute relating to joint bank deposits by notice in writing either of the joint depositors may stop payment to the other whereupon payment can then be made only to the party or parties whose money went into the joint account (3 Comp. Laws 1929, § 12063, as amended by Act No. 286, Pub. Acts 1937).

7. Same—Depositor's Direction for Payment.

If a depositor directs a bank to pay the deposit to the depositor, or another designated, the depositor may change the designation or limit the payment to himself or his order.

8. Same—Joint Account—Death of Joint Depositor—Notice.

Upon death of joint depositor who had given bank notice not to permit withdrawal from her account in name of herself and daughter, the account became a part of mother's estate (3 Comp. Laws 1929, § 12063, as amended by Act No. 286, Pub. Acts 1937).

Appeal from Wayne; Brennan (Vincent M.), J. Submitted October 8, 1942. (Docket No. 56, Calendar No. 42,146.)   Decided December 23, 1942.

Bill of interpleader by Manufacturers National Bank of Detroit against Janet Etta Sutherland Schirmer and Alexander Sutherland, individually

and as administrator of the estate of Jessie G. Sutherland, deceased, to determine the interest of the defendants in a bank deposit. Decree for defendant Schirmer. Defendant Sutherland appeals. Reversed.

*Enrique Beeman* (*Clarence T. Brown,* of counsel), for defendant Schirmer.

*Leonard F. Donaldson,* for defendant Sutherland.

SHARPE, J. This is a chancery suit to determine the ownership of certain moneys on deposit and in the possession of plaintiff bank.

The facts have been stipulated and are as follows: On July 30, 1937, Jessie G. Sutherland, now deceased, had on deposit with the Manufacturers National Bank of Detroit in a savings account $1,020. On that date Mrs. Sutherland and her daughter, Janet Etta Sutherland Schirmer, went to the bank together; and the mother withdrew the money from her savings account in her own name and opened a new savings account in the name of herself and her daughter payable to either while both were living and to the survivor upon the death of one of them. Thereafter deposits were made from funds furnished and belonging to the mother; so that on December 1, 1940, the new savings account had in it the sum of $3,258.21.

On December 1, 1940, the mother addressed the following communication to the bank:

"December 1, 1940.
"TO WHOM IT MAY CONCERN:
"Any withdrawals made against my account in the Manufacturers National Bank of Dearborn are without my knowledge, without my consent and will leave the bank open to suit.
                              "JESSIE SUTHERLAND."

Jessie G. Sutherland died on December 9, 1940, and the status of the account in question was the same as it was on December 1, 1940, when the above communication was received by the bank. On December 13, 1940, defendant Alexander Sutherland, son and only other child of the deceased, was appointed administrator of his mother's estate by consent of the father and daughter. On December 26, 1940, the daughter, who had possession of the pass book, delivered it to her brother, the administrator. She testified that her brother asked for it, stating he was administrator. The brother testified that he asked for the pass book so that he could transfer the funds into the account of the administrator from the joint account. The administrator delivered the pass book to the bank. The joint account was closed out by the bank and the funds therein transferred to the administrator's account in the same bank.

On March 21, 1941, the daughter filed an action at law against the bank claiming ownership of the funds by reason of her survivorship. On April 21, 1941, the bank filed suit of interpleader in chancery alleging the holding of funds and requesting the chancery court to determine the rightful owner thereof. Both cases were consolidated. The law case was then dismissed without prejudice and the issues involved were tried out in the instant chancery suit on the bank's bill of interpleader.

The trial court found that "there was no allegation or proof of any fraud, undue influence, or misrepresentation of any kind;" and entered a decree in favor of Janet Etta Sutherland Schirmer. Defendant Alexander Sutherland, individually and as administrator, appeals and contends that no joint account existed after delivery of the notice to the bank.

Act No. 286, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 12063, Stat. Ann. 1942 Cum. Supp. § 23.303),

amending 3 Comp. Laws 1929, § 12063, controls the deposits in this case and reads:

"When a deposit shall be made, in any bank by any person in the name of such depositor or any other person, and in form to be paid to either or the survivor of them, such deposits thereupon and any additions thereto, made by either of such persons, upon the making thereof, shall become the property of such persons as joint tenants, and the same together with all interest thereon, shall be held for the exclusive use of the persons so named and may be paid to either during the lifetime of both, or to the survivor after the death of one of them, and such payment and the receipt or acquittance of the same to whom such payment is made shall be a valid and sufficient release and discharge to said banking institution for all payments made on account of such deposits prior to the receipt by said bank of notice in writing not to pay such deposit in accordance with the terms thereof.

"When a deposit has been made, or shall hereafter be made, in any banking institution transacting business in this State, in the names of two or more persons, payable to either or the survivor or survivors, such deposit or any part thereof or any interest or dividend thereon and any additions thereto, made by any one of the said persons, shall become the property of such persons as joint tenants, and the same shall be held for the exclusive use of the persons so named and may be paid to any one of said persons during the lifetime of said persons or to the survivor or survivors after the death of one of them, and such payment and the receipt or acquittance of the same to whom such payment is made, shall be a valid and sufficient release and discharge to said banking institution for all payments made on account of such deposits prior to the receipt by said bank of notice in writing not to pay such deposit in accordance with the terms thereof.

"The making of the deposit in such form shall, in the absence of fraud or undue influence, be prima

facie evidence, in any action or proceeding, to which either such banking institution or surviving depositor or depositors is a party, of the intention of such depositors to vest title to such deposit and the additions thereto in such survivor or survivors.''

This section of the act provides that prior to any notice to the bank by either of the joint depositors, payments made and charged against such account shall be a valid release and discharge to the bank for such payments made on account of such deposits. One of the purposes that the notice can serve is to apprise the bank of some defect in the joint account and hold it responsible for payments made thereafter.

The creation of the joint bank account by Jessie G. Sutherland did not conclusively establish title thereto in the survivor, but merely created a presumption of ownership in the survivor which is rebuttable by competent evidence to the contrary. *Van't Hof* v. *Jemison,* 291 Mich. 385. The presumption created by the statute has no weight as evidence when challenged by rebutting testimony, *Hill* v. *Hairston,* 299 Mich. 672, and during the lives of such joint depositors the question is open to adjudication in case of controversy as to the actual property rights of the respective parties in the deposit.

The effect of the notice is to destroy the presumption of ownership in the survivor. The plain intent of the statute is that by notice in writing either of the two joint depositors may stop payment to the other. In such case payment can be made only to the party or parties whose money went into the joint account.

In *Rasey* v. *Currey's Estate,* 265 Mich. 597, we said:

''If a depositor directs a bank to pay the deposit to the depositor, or another designated, the deposi-

tor may change the designation or limit the payment to himself or his order."

In the case at bar, Mrs. Sutherland by ·giving the notice limited the payment to herself or her order. Her death did not change the new status of the account. The bank account became a part of her estate.

The decree of the chancery court is vacated. A decree will be entered in the Supreme Court, decreeing that the money on deposit is a part of the estate of Jessie G. Sutherland. Defendant may recover costs as against Janet E. S. Schirmer.

CHANDLER, C. J., and BOYLES, NORTH, STARR, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.