HINDMAN v. COMMUNITY NATIONAL BANK OF PONTIAC

BANKS AND BANKING—JOINT BANK ACCOUNT—HYPOTHECATION OF
ACCOUNT BY ONE TENANT—REBUTTAL OF STATUTORY PRESUMPTION.
The statutory presumption of title to an entire joint savings account in the survivor was rebutted and the survivor entitled only to the amount remaining in the account after payment of a loan, where one joint tenant, the sole depositor, of an account payable to either or both or the survivor of the joint tenants, secured a loan to a third party by executing an hypothecation certificate conveying title to so much of the account as would equal the amount of the loan, the lender noted in records of this account the amount of the loan, and the depositor died before default on the loan by the third party.

Appeal from Oakland, Roberts (Farrell E.), J. Submitted Division 2 December 4, 1968, at Lansing. (Docket No. 5,350.) Decided December 19, 1968. Rehearing granted January 29, 1969, for limited purpose of correcting erroneous dates.

Complaint by William Hindman against Community National Bank of Pontiac for an accounting and the recovery of monies charged against a joint account of plaintiff and his mother in payment of a note signed by the mother and another person. Reversed.

*Hempstead, McGrath, Cook & Kurzman,* for plaintiff.

*Patterson & Patterson, Barrett, Whitfield, Manikoff and White,* for defendant.

---

REFERENCE FOR POINTS IN HEADNOTE
10 Am Jur 2d, Banks §§ 372, 374.

MILLER, J.   Clara Hindman opened a joint savings account with plaintiff at defendant bank which account was payable to either or both or the survivor. Testimony shows that Clara was the only depositor.

A loan was made to Daniel Jubelt on June 26, 1964. A note in the amount of $3,164.76 was given by the borrower. Clara acted as cosigner on this note. The note stated it was "secured by savings account". Clara Hindman also gave an "hypothecation certificate" stating she sold, conveyed and assigned her right, title and interest to savings account no. 138034, the joint account, and upon full payment of the promissory note the collateral would be returned. A savings withdrawal slip in the amount of the loan plus interest was delivered to the bank. The account slip was tagged with a notation that the balance was not to fall below the balance outstanding on the loan.

Clara Hindman died June 28, 1964. Payments on the loan were made by the maker through December, 1964. Two withdrawals in favor of itself were made in March, 1965, by the bank in satisfaction of the balance due upon default of the maker of the note.

Plaintiff is the surviving joint tenant. Plaintiff withdrew funds from the account in September of 1964 and now sues for the balance remaining including that which had been withdrawn in March by the bank.

Plaintiff was awarded judgment in the trial court in the amount of $2,461.48 plus costs of $35.50 from which defendant appeals.

The statute* governing joint bank accounts provides in part:

"The making of the deposit in such form shall * * * be prima facie evidence * * * of the

---

* CL 1948, § 487.703 (Stat Ann 1957 Rev § 23.303).

intention of such depositors to vest title to such
deposit * * * in such survivor or survivors."

The statutory presumption may be rebutted by
competent evidence. *Jacques* v. *Jacques* (1958), 352
Mich 127. One method of rebutting the presumption
would be by written or oral notice by the donor to
the bank. *Manufacturers National Bank* v. *Schirmer*
(1942), 303 Mich 598, 603; *Esling* v. *City National
Bank and Trust Company* (1936), 278 Mich 571. See
also Richard Wellman, Joint and Survivor Account
in Michigan—Progress Through Confusion, 63 Mich
L Rev 629, 643 (1966).

The documents executed in connection with the
loan are at complete odds with an intention to leave
the entire balance at her death to the plaintiff. This
constituted a condition subsequent. Plaintiff's
theory also ignores the debtor-creditor relationship
created by a bank deposit. *Owosso Masonic Temple
Association* v. *State Savings Bank* (1935), 273 Mich
682.

The lower court erred. Plaintiff should recover
only such amount as remains in the account after
the obligation to the bank is satisfied.

T. G. KAVANAGH, P. J., and QUINN, J., concurred.