## SNOW *v.* NATIONAL BANK OF LUDINGTON

1. EVIDENCE—PRESUMPTIONS—COMMON-LAW AND STATUTORY PRESUMPTIONS.

    A statutory presumption operates in the same manner as a common-law presumption in that it establishes a mandatory inference in the absence of rebuttal evidence.

2. EVIDENCE—PRESUMPTIONS—INFERENCE.

    An inference from presumption is downgraded from a mandatory inference to a permissible inference if evidence to rebut the presumption is introduced.

3. EVIDENCE—PRESUMPTIONS—JOINT BANK ACCOUNT—INTENT OF TESTATRIX—DIRECTED VERDICT.

    Testimony by plaintiff's witness, in an action to recover for an estate a savings account that the testatrix held jointly with defendant, to the effect that the testatrix said she wanted "Joe's children" to have the money in the account *held* sufficient to permit an inference that the testatrix did not intend to vest title to the money in defendant and thus sufficient to contradict the statutory presumption that title to the proceeds of the joint account vested in the survivor; therefore direction of a verdict for defendant was error.

Appeal from Mason, Charles A. Wickens, J. Submitted Division 3 January 9, 1969, at Grand Rapids. (Docket No. 5,293.) Decided March 26, 1969.

Complaint by David Snow, executor of the estate of Victoria M. Snow, deceased, against National

REFERENCES FOR POINTS IN HEADNOTES

[1]   29 Am Jur 2d, Evidence § 159.
[2]   29 Am Jur 2d, Evidence § 166.
[3]   10 Am Jur 2d, Banks § 377 *et seq.*

Bank of Ludington, a banking corporation, and Donald Leroy Folkman, to recover the proceeds of a certain savings account held jointly in defendant bank by the deceased and defendant Folkman. Defendants' motion for directed verdict granted. Plaintiff appeals. Reversed and remanded.

*Joseph B. Legatz,* for plaintiff.

*Tubbs & Walters,* for defendant Donald Folkman.

BEFORE: Levin, P. J., and Holbrook and Danhof, JJ.

Per Curiam. Plaintiff, David Snow, executor of the estate of Victoria M. Snow, appeals from an order granting defendant's motion for a directed verdict on his complaint seeking to recover the proceeds of a disputed joint and survivor bank account in which the defendant Folkman claims the proceeds as the survivor. A jury was empaneled, and plaintiff presented his proofs, which were offered to rebut the presumption created by the statute, CL 1948, § 487.703 (Stat Ann 1957 Rev § 23.303), that the title to the proceeds vested in the defendant Folkman as the surviving tenant. After the plaintiff completed his proof, the trial court granted defendant's motion for a directed verdict against the plaintiff.

The question here presented is whether it was error for the trial court to conclude the issue as a matter of law and grant the directed verdict, thus taking the factual dispute away from the jury. The Supreme Court has stated the standard that is to be used for a directed verdict when a presumption is involved. See *In re Wood Estate* (1965), 374 Mich 278 (5 ALR3d 1). Under this decision a statutory

presumption operates in the same manner as a common-law presumption. In the absence of rebuttal evidence, it establishes a mandatory inference. If rebuttal evidence is admitted the inference is downgraded from a mandatory to a permissible inference, *Kirilloff* v. *Glinisty* (1965), 375 Mich 586, 588, 589. Only where the rebutting evidence is so overwhelming that all reasonable men must agree that the statutory inference has been overcome may a trial judge properly direct a verdict.

"The standard used to determine the propriety of a directed verdict is the same as if the presumption, as a rule of law, were never involved—namely, a directed verdict against a litigant is proper only if the evidence and permissible inferences therefrom, viewed most favorably to the litigant, leave no room for disagreement thereon among reasonable men." *In re Wood Estate, supra,* p 291.

The testimony of Oma Snow, a witness for the plaintiff, was that

"She (the decedent) would often say that she would want Joe's children to have it (the proceeds of the account)."

This and other testimony presented by the plaintiff, if believed by the jury, was sufficient to render permissible a jury inference that the decedent did not intend to vest title to the proceeds in the defendant and, thus, was sufficient to contradict the statutory presumption that title to the proceeds of the bank account vested in the survivor. The trial court in its decision granting the directed verdict noted that there were statements material to this question. There was more than just testimony indicating that the account was established for the deceased's convenience with a view to the surviving tenant attending to the payment of the deceased's

tenant's bills, thus differentiating this case from *Jacques* v. *Jacques* (1958), 352 Mich 127.

The case at bar is also distinguishable from *Wechsler* v. *Zen* (1966), 2 Mich App 438 and *Kirilloff* v. *Glinisty, supra.* In those cases, as in *Jacques* v. *Jacques, supra,* the trial judge was the trier of the facts. In the instant case the jury was the trier of the facts and the court should have allowed the case to go to the jury upon proper instructions concerning the statutory presumption and the jury's function in evaluating the credibility of the witnesses on which latter issue the interest of the witnesses should be considered.

It is clear from the record that the court did not believe plaintiff's witnesses. However, it was for the trier of the facts, in this case the jury, to decide whether plaintiff's witnesses should be believed and to resolve the dispute presented between the statutory presumption and the evidence intended to contradict it.

Therefore, it was error for the trial court to conclude the issue as a matter of law and grant the directed verdict, thereby taking the resolution of the factual dispute away from the jury. Reversed and remanded for a new trial. Costs to the plaintiff-appellant.