AMERICAN NATIONAL BANK & TRUST COMPANY OF
MICHIGAN *v* MODDERMAN

1. JOINT TENANCY—BANK DEPOSITS—HUSBAND AND WIFE—GARNISH-
MENT.

Bank deposits in the name of defendants, husband and wife,
and payable to either one, constituted a joint tenancy and
the husband's interest was severable for the purpose of meet-
ing the demands of plaintiff garnishor.

2. JOINT TENANCY—BANK DEPOSITS—HUSBAND AND WIFE—SOURCE
OF FUNDS.

The trial judge did not clearly err in holding that defendants'
joint savings account funds were accumulated by equal con-
tributions from both defendants although they both testified
that the funds represented only savings from the defendant
wife's weekly household allowance and was the wife's exclu-
sive property where the source of the funds was defendant
husband's income and the record shows that defendant husband
had asserted ownership of the funds.

3. JOINT TENANCY—BANK DEPOSITS—HUSBAND AND WIFE—ENTIRE-
TIES PROPERTY.

Savings accounts payable to either husband or wife are not
entireties property exempt from the claims of either spouse's
creditors (MCLA 557.151).

Appeal from Kalamazoo, Raymond W. Fox, J.
Submitted Division 3 November 3, 1971, at Grand
Rapids. (Docket No. 10417.) Decided January 19,
1972.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 10 Am Jur 2d, Banks §§ 373, 374.
Estates by entirety in personal property. 64 ALR2d 8.

Complaint by American National Bank & Trust Company of Michigan against B. C. Modderman for amount owing on promissory note. Judgment for plaintiff. Writ of garnishment issued against First National Bank and Trust Company of Michigan. Irene Modderman, intervening defendant, claimed savings accounts in garnishee defendant's possession were her exclusive property. Judgment for plaintiff. Principal defendant and intervening defendant appeal. Affirmed.

*Huff, Deming, Hughey & Benson,* for plaintiff.

*Troff, Lilly, Piatt, File & Doyle* (by *C. Reid Hudgins, III*), for principal defendant and intervening defendant.

Before: R. B. Burns, P. J., and Levin and T. M. Burns, JJ.

Levin, J. Plaintiff, American National Bank & Trust Company of Michigan, commenced this action on a promissory note against the principal defendant, B. C. Modderman, and obtained a judgment against him for $5,566.80, plus costs.

Plaintiff then issued a writ of garnishment against the garnishee defendant, The First National Bank and Trust Company of Kalamazoo, which filed a disclosure. Thereafter, Irene Modderman, wife of B. C. Modderman, filed a petition claiming that accounts with the garnishee defendant in the joint names of her husband and herself were her exclusive property.

The funds on deposit with the garnishee defendant consist of savings accounts and a savings receipt in the names of the Moddermans. The record is un-

clear concerning the form in which the accounts and receipt were made payable.  However, it appears from the garnishee defendant's disclosure that they were made payable to Bert C. Modderman or Irene Modderman.

After a hearing on the merits, at which both Mr. and Mrs. Modderman testified, the trial judge found that Mr. Modderman was the owner of one-half of the funds held by the garnishee defendant in the names of the Moddermans and ordered that plaintiff have execution against the garnishee defendant for Mr. Modderman's share of the funds.

In *Murphy* v *Michigan Trust Co*, 221 Mich 243, 245–246 (1922), the Supreme Court of Michigan held that a savings account and certificate of deposit payable to the plaintiffs, husband and wife, or to either or the survivor created a joint tenancy, not a tenancy by the entireties:

"The words 'payable to either' do not square with the idea of a tenancy by entireties but do pointedly relate to a joint tenancy."

The Court went on to hold that under the statute[1] "the deposits constituted the plaintiffs joint tenants" and that as joint tenants the husband's interest was "severable for the purpose of meeting the demands

---

[1] Then CL 1915, 8040; now MCLA 487.703; MSA 23.303, reading in relevant part as follows:

"When a deposit shall be made, in any bank by any person in the name of such depositor or any other person, and in form to be paid to either or the survivor of them, such deposits thereupon and any additions thereto, made by either of such persons, upon the making thereof, shall become the property of such persons as joint tenants, and the same together with all interest thereon, shall be held for the exclusive use of the persons so named and may be paid to either during the lifetime of both, or to the survivor after the death of 1 of them, and such payment and the receipt or acquittance of the same to whom such payment is made shall be a valid and sufficient release and discharge to said banking institution for all payments made on account of such deposits prior to the receipt by said bank of notice in writing not to pay such deposit in accordance with the terms thereof."

of creditors". The Court also declared that "in the absence of proof establishing their contributions toward the deposits the presumption prevails that plaintiffs were equal contributors thereto and, therefore, equal owners".[2]

The inference established by a presumption is substantive evidence.[3] "In the absence of rebuttal evidence, [a presumption] establishes a mandatory inference. If rebuttal evidence is admitted the inference is downgraded from a mandatory to a permissible inference, *Kirilloff* v *Glinisty*, 375 Mich 586, 588–589 (1965). Only where the rebutting evidence is so overwhelming that all reasonable men must agree that the * * * inference has been overcome may a trial judge properly direct a verdict." *Snow* v *National Bank of Ludington*, 16 Mich App 595, 597 (1969).[4]

The source of the funds was Mr. Modderman's income. The Moddermans testified that the funds, accumulated over a long period of time, represented savings by Mrs. Modderman from her weekly household allowance and outright gifts of various amounts.

The judge found that Mr. Modderman asserted ownership of the accounts in controversy when it was to his advantage to do so; that finding is supported by the record. The judge was not persuaded by the testimony of the Moddermans to declare that they had overcome the presumption that they each contributed one-half of the funds. He did not clearly err in his findings.

[2] Similarly, see *Sussex* v *Snyder*, 307 Mich 30, 37 (1943); *Czajkowski* v *Lount*, 333 Mich 156, 164 (1952); *Darst* v *Awe*, 235 Mich 1, 2 (1926).

[3] *Wirtanen* v *The Prudential Insurance Company of America*, 27 Mich App 260, 267 (1970).

[4] See *In re Wood Estate*, 374 Mich 278, 291; 5 ALR3d 1 (1965); *In re Vollbrecht Estate*, 26 Mich App 430, 437 (1970); *People* v *English*, 29 Mich App 36, 48 (1970).

Whether evidence is credible—whether it is to be believed—is for the trier of fact to decide.[5]   The testimony of the Moddermans concerning their intentions and characterizing and explaining their actions in respect to the deposits and withdrawals from the accounts was the testimony of interested witnesses.[6]   Their testimony was not binding on the trier of fact.   He was at liberty to reject their testimony and enter judgment in accordance with the permissible inference arising from the presumption.[7]

Mrs. Modderman also contends that the joint accounts were "other evidences of indebtedness" within the meaning of MCLA 557.151; MSA 26.211, and thus were entireties property and, therefore, not subject to the claims of her husband's creditors.[8]   In *McMahon* v *Holland,* 260 Mich 246 (1932), the Supreme Court of Michigan held that this statutory provision does not apply to a savings account payable to husband "or" wife.   As previously mentioned, while the record is unclear, it appears that the funds were made payable to Mr. *or* Mrs. Modderman.   This alternative issue is raised for the first time on appeal and that may explain the obscurity of the record.

Affirmed.   Costs to the plaintiff.

All concurred.

---

[5] *Snow* v *National Bank of Ludington, supra,* p 598; *Woodin* v *Durfee,* 46 Mich 424, 427 (1881).

[6] See MCLA 600.2158;   MSA 27A.2158;   Callaghan's Michigan Pleading & Practice (2d ed), § 37.205, pp 557, 558; *Goppelt* v *Burgess,* 132 Mich 28, 30 (1902); *Ball-Barnhart-Putman Co* v *Lane,* 135 Mich 275 (1903).

[7] See *Crampton* v. *Crampton,* 205 Mich 233, 241 (1919); *Cuttle* v *Concordia Mutual Fire Ins Co,* 295 Mich 514, 519 (1940); *Hughes* v *John Hancock Mutual Life Ins Co,* 351 Mich 302, 308 (1958); *Baumgartner* v *Ham,* 374 Mich 169, 174 (1965); *Wolfgram* v *Valko,* 375 Mich 421, 435 (1965) (*per* BLACK, J., in an opinion signed by two other justices).

[8] See *De Young* v *Mesler,* 373 Mich 499 (1964).