In re CLANCY

Docket No. 98287. Submitted February 3, 1988, at Lansing. Decided June 7, 1988.

Lois J. Flum was appointed as guardian and conservator of the estate of Jean S. Clancy, a legally incapacitated person, by the Emmet County Probate Court. At the time of the appointment, Jean Clancy held several bank certificates of deposit which were made out jointly with Christopher, Stanley and Alyse Janowiak. Jean Clancy died, still holding those certificates of deposit. Flum petitioned the probate court to permit liquidation of one of the certificates of deposit to pay certain expenses associated with the conservatorship. The probate court, John T. Murphy, J., granted the petition. The Janowiaks thereafter petitioned the court to set aside the order granting liquidation of the certificate of deposit, arguing that upon Clancy's death title to the certificates vested solely in them as the surviving joint owners. Flum argued that, pursuant to the Probate Code, title in Clancy's interest vested in Flum as trustee upon her appointment as conservator. The probate court denied the Janowiaks' petition. The Janowiaks appealed.

The Court of Appeals *held:*

While the Probate Code provides that title to interests held by a legally incapacitated person vest in trust in a conservator upon appointment, that title does not survive the death of the incapacitated person where the interest in question is a joint bank certificate and there is no indication that the parties intended that the statutory presumption that title is to pass to the survivor upon death should not take effect. Since title passed to the Janowiaks upon Clancy's death, it was error for the probate court to order the liquidation to pay the conservatorship expenses.

Reversed.

JOINT TENANTS — RIGHTS OF SURVIVORSHIP — INCAPACITATED PERSONS — CONSERVATORS — BANK ACCOUNTS.

The conservator of a legally incapacitated person upon appoint-

REFERENCES

Am Jur 2d, Banks §§ 369 *et seq.*

See the Index to Annotations under Banks and Banking and Joint Accounts and Deposits.

ment becomes the trustee of the incapacitated person's interest in a certificate of deposit held jointly by the incapacitated person with others and the conservator may, during the lifetime of the incapacitated person, seek to have such certificate of deposit liquidated to satisfy the incapacitated person's debts including those associated with the conservatorship; however, once the incapacitated person dies, in the absence of evidence to the contrary, the certificate of deposit passes to the joint tenant and is not available to pay the debts of the deceased incapacitated person; the provision in the Probate Code vesting title of the incapacitated person in the conservator does not create any right which supersedes the statutory provision which creates a presumption that upon death title to a jointly-held bank account will vest in the survivor (MCL 487.703, 700.480; MSA 23.303, 27.5480).

*Scott T. Beatty,* for the Janowiaks.

*Hoffman, Hoffman & VanTreese* (by *Jeffrey W. VanTreese*), for Lois J. Flum.

Before: BEASLEY, P.J., and G. R. McDONALD and J. P. JOURDAN,* JJ.

J. P. JOURDAN, J. Christopher, Stanley and Alyse Janowiak appeal as of right from the February 28, 1986, order of the Emmet County Probate Court that Lois J. Flum, guardian and conservator of the estate of Jean S. Clancy, a legally incapacitated person, be allowed to liquidate and sign a $10,000 certificate of deposit to pay the outstanding guardian/conservator fees and attorney fees.

Mrs. Clancy's property at the time of appointment of the conservator consisted of five certificates of deposit, all of which were made payable to "Mrs. Jean S. Clancy or Stanley J. and Alyse and Christopher Janowiak." These certificates were nontransferable six-month multiple-maturity certificates dated July 10, 1981. Also on the face of the certificates was stamped "either or survivor."

* Circuit judge, sitting on the Court of Appeals by assignment.

On October 11, 1982, Lois Flum was appointed as permanent guardian and conservator of both Jean Clancy and her husband George. In addition, Flum was given full power and authority to take possession, collect, preserve, manage and dispose of all of the property of the estate.

Jean Clancy died on September 29, 1985, and her husband died on January 22, 1986. The final accounting of the fiduciary shows Jean Clancy's certificates of deposit constituted her sole assets. The account also listed disbursements of $2,475 as attorney fees and $635 in guardian/conservator fees.

On February 28, 1986, the court ordered that Lois Flum was authorized on behalf of the estate of Jean S. Clancy to liquidate and sign a $10,000 certificate of deposit in order to pay the guardian/conservator fees and attorney fees. The Janowiaks moved for a rehearing of that order. In a January 13, 1987, opinion, the court concluded that, when Jean Clancy was declared incompetent, the certificates of deposit passed into the custody and control of her fiduciary. Therefore, they were subject to liquidation as needed to meet the guardian/conservator and attorney fees associated with her care. The balance of the certificates of deposit were appropriately forwarded to the Janowiaks, who were joint holders with Jean Clancy on the certificates.

The Janowiaks contend that the probate court erred in allowing one of the jointly held certificates of deposit to be liquidated to pay guardian/conservator and attorney fees. We agree.

This dispute centers on two statutory provisions which appear to conflict, but do not. MCL 487.703; MSA 23.303 provides in pertinent part:

When a deposit shall be made, in any bank by

any person in the name of such depositor or any other person, and in form to be paid to either the survivor of them, such deposits thereupon and any additions thereto, made by either of such persons, upon the making thereof, shall become the property of such persons as joint tenants, and the same together with all interest thereon, shall be held for the exclusive use of the persons so named and may be paid to either during the lifetime of both, or to the survivor after the death of one of them . . . .

This statute provides that the creation of a joint account is prima facie evidence of an intention to vest title to the account in the survivor. *In re Cain Estate,* 147 Mich App 615, 624-625; 382 NW2d 829 (1985).

The Revised Probate Code, on the other hand, provides that title to a protected person's property vests in the conservator:

The appointment of a conservator vests in the conservator title as trustee to all property of the protected person, presently held or thereafter acquired, including title to any property theretofore held for the protected person by custodians or attorneys in fact. The appointment of a conservator is not a transfer or alienation within the meaning of general provisions of any federal or state statute or rule, insurance policy, pension plan, contract, will or trust instrument, imposing restrictions upon or penalties for transfer or alienation by the protected person of the persons' rights or interest, but this section does not restrict the ability of persons to make specific provision by contract or depositive instrument relating to a conservator. [MCL 700.480; MSA 27.5480.]

In addition, the conservator upon the death of a protected person has the following duty:

If a protected person dies, the conservator shall do all of the following:

\* \* \*

(c) Retain the estate for delivery to a duly appointed personal representative of the decedent or other persons entitled thereto. [MCL 700.485(5); MSA 27.5485(5).]

Although the above statutory provisions appear to conflict, we believe that the Janowiaks are correct in their assertion that, on Clancy's death, the title to the jointly held certificates of deposit immediately vested in them as the joint tenants. The Janowiaks correctly cite *Guilds v Monroe County Bank,* 41 Mich App 616; 200 NW2d 769 (1972), for the proposition that the right of survivorship in a joint account is controlled by MCL 487.703; MSA 23.303. The effect of this statute is to create a joint tenancy and, unless a contrary intention is shown, the survivor is entitled to the proceeds of the account.

In *Guilds,* Mrs. Guilds, as survivor of her husband, brought suit against the defendant bank to recover funds on deposit in a joint savings account, payable to either or to the survivor of them. The bank claimed a right to set off an indebtedness due the bank based on certain promissory notes executed solely by the plaintiff's deceased husband. The bank alleged that all of the money was deposited by the husband and was solely money from his earnings and that no part of the money belonged to the survivor wife. This Court found in favor of the plaintiff because, as of the date of death, no action had been taken by either the bank or by the depositors to either secure the indebtedness by the account or to indicate any intention to create anything other than a joint tenancy.

In the instant case, there was no showing whatsoever to rebut the statutory presumption that the

depositor intended to create a joint tenancy of the deposit evidenced by the certificates. Title to the certificates clearly was in either decedent or the Janowiaks as joint tenants and was payable to either or survivor.

Up until the time of Mrs. Clancy's death, there is no question that her interest as joint tenant in the certificates of deposit was in the conservator as trustee pursuant to the various provisions of the Revised Probate Code. During her lifetime, any of her debts potentially could be satisfied by liquidating the certificates of deposit. However, upon her death, the remaining joint tenants, as survivors, were entitled to the proceeds. The surviving joint tenants also took the certificates of deposit free from the debts of their cotenant, Jean Clancy. *Guilds, supra.*

The important factor that conservator Flum fails to recognize in addressing this issue is that decedent's jointly held assets never became part of her estate.

While this is undoubtedly a close question, and while it is understandable that the probate court relied upon the Probate Code, we believe that the court erred in determining that title to the disputed certificates of deposit vested in the conservator until the estate was closed.

Reversed.