28 F.3d 1213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CHEMICAL BANK, Plaintiff-Appellee,
v.
Barry D. YAKER, et al., Defendants;
Barton M. Berman, Defendant-Appellant.
 No. 93-2516.
 United States Court of Appeals, Sixth Circuit.
 June 24, 1994.
 
 Before: KENNEDY and SILER, Circuit Judges; and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Barton M. Berman appeals a judgment of the district court directing that one-half of the funds in a checking account which Berman held jointly with his wife be paid to the plaintiff judgment creditor. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In April 1992, Chemical Bank (plaintiff) obtained a judgment against Berman in the United States District Court for the Southern District of New York in the amount of $1,315,188.88. Plaintiff registered the judgment in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. Sec. 1963. Thereafter, plaintiff filed an affidavit and writ of garnishment in the district court which was served on Comerica Bank in order to levy upon Berman's bank accounts there. In its garnishee disclosure, Comerica averred that Barton and Jo Berman held a joint checking account in the amount of $19,714 at the bank, but that the bank was "not advised as to the ownership of the funds." The district court then directed Comerica Bank to pay the $19,714 to the district court clerk.
 
 
 3
 Next, Berman moved the district court to set aside the writ of garnishment and filed objections to the order to pay the $19,714 into the court. Plaintiff responded in opposition, and further pleadings were exchanged. Ultimately, the magistrate judge recommended that the court find that plaintiff is entitled to one-half of the $19,714 balance of the joint account, and Berman filed objections in the form of a motion for reconsideration. Plaintiff responded in opposition, and Berman submitted a reply. The district court adopted the magistrate judge's recommendation and ordered that plaintiff is entitled to one-half of the funds in the joint account. Berman filed a timely notice of appeal.
 
 
 4
 Upon consideration, we conclude that the judgment must be vacated and the case must be remanded for further proceedings. Pursuant to Fed.R.Civ.P. 69(a), Michigan rules of practice and procedure govern this action to enforce a judgment in the district court. See Carpenters S. Cal. Admin. Corp. v. Manufacturers Nat'l Bank, 910 F.2d 1339, 1340 (6th Cir.1990). In garnishment proceedings, Mich.Ct.R. 3.101(M)(1) provides that "(i)f there is a dispute regarding the garnishee's liability or if another person claims an interest in the garnishee's property or obligation, the issue shall be tried in the same manner as other civil actions." Generally, a grant of summary judgment under Michigan law is proper where there is no genuine issue of material fact and reasonable minds cannot differ with respect to the legal conclusions to be drawn. See Moll v. Abbott Labs., 506 N.W.2d 816, 829 n. 33 & 830 n. 36 (Mich.1993) (citing DiFranco v. Pickard, 398 N.W.2d 896 (Mich.1986)). Similarly, summary judgment is inappropriate in a garnishment action where factual disputes exist. Avsco, Inc. v. Specialty Sounds, Inc., 214 N.W.2d 843, 844-45 (Mich.App.1974). Here, summary judgment was improper because a genuine issue of material fact remains.
 
 
 5
 First, Mich.Comp.Laws Sec. 487.703 dictates a rebuttable presumption that funds deposited in a joint account are held by the account holders as joint tenants unless a contrary intention is shown. Guilds v. Monroe County Bank, 200 N.W.2d 769, 770-71 (Mich.App.1972). "In the absence of proof establishing their contributions toward the deposits, the presumption prevails that plaintiffs were equal contributors thereto, and therefore equal owners." Murphy v. Michigan Trust Co., 190 N.W. 698, 699 (Mich.1922). However, if rebuttal evidence is introduced, the statute provides a permissible (rather than mandatory) inference that the funds are held as joint tenants. American Nat'l Bank & Trust Co. v. Modderman, 195 N.W.2d 342, 343 (Mich.App.1972); see also Mich.Comp.Laws Sec. 487.718; Department of Treasury, Revenue Div. v. Comerica Bank, 506 N.W.2d 283, 287 (Mich.App.1993) (deposits in a joint account can be reached to the extent of ownership).
 
 
 6
 Here, Berman introduced rebuttal evidence that his wife was responsible for all deposits to the account in question in recent years. In support of a supplemental brief in support of his motion to set aside the writ of garnishment, Berman submitted an affidavit from his wife to the effect that Berman had not deposited money into the account for "the last several years or more," and that Berman had not written a check on the account in many years. Also, Berman submitted a second affidavit from his wife in support of his objections to the magistrate judge's recommendation in which she reasserted that she is the sole owner of all funds in the account in question. The magistrate judge noted that the allegations of Berman's wife's initial affidavit are vague with respect to the source of some of the funds deposited to the account. Her second affidavit is likewise vague. However, she unequivocally asserts her ownership of all of the funds in the account. While these affidavits may not suffice to carry Berman's ultimate burden of proof, a dispute of fact remains for trial under Michigan law. Therefore, the judgment for the plaintiff must be vacated.
 
 
 7
 For the foregoing reasons, the judgment of the district court is vacated, and the case is remanded to the district court for further proceedings.